[No. H002645. Sixth Dist. July 18, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
GUADALUPE MARIN QUINONES, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

\* Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts 1 through 6.

**COUNSEL**

Estelle A. Schleicher, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Martin S. Kaye and Ronald S. Matthias, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**CHAPMAN, J.***—By jury verdict, defendant Guadalupe Marin Quinones was convicted of two separate acts of molesting a child under the age of fourteen, i.e., count one a violation of Penal Code section 288, subdivision (a),[1] without force, and count two a violation of section 288, subdivision (b), with force. He was sentenced to serve eight years in state prison. He raises eight separate grounds on appeal. Each will be addressed separately in this opinion.

### SUMMARY OF FACTS

Quinones lived with nine-year-old Norma and her mother, Elena. One night in May of 1986, while Norma's mother was at work, Quinones approached Norma as she lay in her bed on the verge of falling asleep. Quinones took Norma to the bed he normally shared with Elena, removed her panties, and then touched her vagina. Quinones told Norma not to tell anyone what had happened, and that she would be spanked if she did. Norma refrained from telling her mother because of Quinones's threat.

Some time later, on May 20th, when Elena was again away from home, Quinones carried Norma from her bed to his own. While carrying her to his bed, Quinones promised to give her money and said that she should let him "do things" to her. In bed, Quinones lowered Norma's pants to her knees, climbed atop her, and kissed her on the mouth. He then spread her legs slightly and moved up and down. During this, Norma felt his "pee pee" touching her "pee pee." Quinones also forced her to touch his "pee pee" with her hand. At one point during the incident, Quinones struck Norma on the cheek when she began to cry. The next morning, Norma reported this second incident to her mother.

Quinones testified and denied engaging in any sexual misconduct with Norma. He specifically denied committing the acts Norma described, and claimed she was simply lying.

The jury convicted Quinones of simple molestation (§ 288, subd. (a)) for the first incident and aggravated molestation (§ 288, subd. (b)) for the second.

---

* Assigned by the Chairperson of the Judicial Council.

[1] Subsequent statutory references are to the Penal Code unless otherwise noted.

DISCUSSION

1.-6.*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

7.  *Failure to Instruct That the Lewd Act Be "Against the Will of the Victim"*

■      Appellant next contends his conviction under section 288, subdivision (b), must be reversed because the trial court failed to instruct that a conviction under this section requires proof that the lewd acts were accomplished "against the will of the victim." At the time the crimes were committed and prosecuted, subdivision (b) of section 288 proscribed lewd or lascivious conduct on a child "by use of force, violence, duress, menace, or threat of great bodily harm . . . ." (See Stats. 1981, ch. 1064, § 1, p. 4093.) The trial court instructed that "force means physical force that is substantially different from or substantially greater than that necessary to accomplish the lewd act itself." However, the court did not instruct that the force must overcome the will of the victim.

Quinones cites *People* v. *Cicero* (1984) 157 Cal.App.3d 465 [204 Cal.Rptr. 582], as support for his argument. In *Cicero,* the court construed the term "force" as used in section 288, subdivision (b). After undertaking an extensive analysis which is related in greater detail below, the court formulated the following definition: "Where a defendant uses physical force to commit a lewd act upon a child under the age of 14, and the child suffers physical harm as a consequence, the defendant has committed a lewd act 'by use of force' under subdivision (b). . . . Where no physical harm to the child has occurred, the prosecution has the burden of proving (1) that the defendant used physical force substantially different from or substantially in excess of that required for the lewd act and (2) *that the lewd act was accomplished against the will of the victim.*" (*Id.* at p. 484, italics added.)

The broader question before the court was whether a 1981 amendment to section 288, subdivision (b), which deleted language that the lewd conduct be "against the will of the victim" (Stats. 1981, ch. 1064, § 1, p. 4093), meant that this was no longer an element of the crime in all circumstances. The court concluded the amendment did not delete this element from the crime. The court first noted that "duress" "menace" and threats of great bodily harm necessarily imply that the crimes were carried out against the

---

* See foonote *ante,* page 1154.

victim's will. Consequently, the court concluded the Legislature did not intend to eliminate this element in all circumstances. (*Cicero, supra,* at pp. 477-478.)

The court next decided that "force" also requires a showing that the acts were carried out against the will of the victim *where the victim suffers no physical harm.* The court reasoned that the purpose of the 1981 amendment was not to remove the "against the will of the victim" element, but, instead, to eliminate "any requirement that the People prove resistance by the victim" in a prosecution under section 288, subdivision (b). (*Id.* at p. 481.)

We respectfully disagree with the majority opinion in *Cicero,* and instead adopt the reasoning of the dissent in that case. The dissent agreed with the majority that a "plausible purpose" of the 1981 amendment deleting the "against the will" language was to eliminate the requirement for the prosecution to prove resistance by the victim. The dissent continues: "Even so . . . the majority concludes the prosecution must still show the lewd act was undertaken against the will of the victim if the victim suffered no physical harm. That requirement, it is stated, may be met by circumstantial proof that enough force was used to reasonably demonstrate the lewd act was undertaken against the will of the victim. [¶] That conclusion is misguided. It writes back into the subdivision precisely what the Legislature wrote out of the subdivision . . . . [We] believe the Legislature simply recognized the lewd act in subdivision (a) need not be against the will, and thus, it need not be in the use of force under subdivision (b). In fact, under the plain language of the statute, the act in subdivision (b) can be committed *with* knowing consent and still be a violation of the subdivision, if force is used. Force is limited to something the *perpetrator* applies; it is independent of the actions or thoughts of the under-14-year-old victim. [¶] . . . In [our view] the statute creates a protected class under the age of 14, and the act, if done with force, is a violation of subdivision (b) regardless of 'knowing consent,' 'against the will,' or whether the victim resisted." (*Cicero, supra,* at pp. 487-488 (dis. opn. of Regan, Acting P. J.), italics in original.)

Although we agree with the *Cicero* majority that a conviction based on "duress," "menace," or "threat of great bodily harm" necessarily implies that the "will of the victim" has been overcome (*Cicero, supra,* at pp. 477-478), the same cannot be said of a conviction based on the use of force. As Justice Regan observed, "[f]orce is limited to something the perpetrator applies." Consequently, we believe the first part of the definition of force suggested in *Cicero* —"physical force substantially different from or substantially in excess of that required for the lewd act"—is sufficient. Since this definition was given, we find no instructional error.

## 8. Age of Victim as Factor in Aggravation

■ Finally, Quinones contends the trial court improperly relied on Norma's age as a factor in aggravation in imposing the upper term for the section 288 charges, since age (that the victim be under the age of 14) is an element of the offense. (Cal. Rules of Court, rule 441(d).) We agree with this contention and remand for resentencing.

In imposing the upper term, the court stated: "I believe that factors in aggravation outweigh the factors in mitigation; the specific factor, that the victim was under the age of eleven at the time of the sexual assault. And I believe that there was enough difference in the impact on children, depending upon their age that that is an appropriate factor in mitigation (*sic*)." The court noted no other factors in aggravation.

Although the People "submit" that molestation of a 9- or 10-year-old child, by reason of the victim's relative youth, should be viewed as more aggravated than the molestation of a 12- or 13-year-old, they concede that case law holds otherwise and that the matter should accordingly be remanded for resentencing. (*People* v. *Ginese* (1981) 121 Cal.App.3d 468, 477 [175 Cal.Rptr. 383].)

In *Ginese,* the trial court sentenced the defendant to the upper term on a section 288 charge, citing the specific ages of the victims—nine and eleven—and, more generally, their minority as factors in aggravation. (At pp. 475-476.) Relying on California Rules of Court, rule 441(d), and *People* v. *Flores* (1981) 115 Cal.App.3d 924, the *Ginese* court held it was error to rely on the age of the victims since an age-range factor is an element of the offense. (*Ginese, supra,* at pp. 476-477.)

The court also noted that "[e]xtreme youth within the given age range might . . . be viewed as making a victim 'particularly vulnerable' in relation to others within the age range, *but in those instances dependency or fear is invariably also involved and should be stated as the basis for the vulnerability.*" (*Id.* at p. 477, italics added.) Since the trial court did not cite fear or dependency in support of its finding of vulnerability, the Court of Appeal found the bare reference to the victims' specific ages an improper factor in aggravation. (*Ibid.*)

Similarly, in this case, the trial court did not state that fear or dependency—due to Norma's *relatively* young age—was the basis for aggravation. Nor did the court make a finding as to another potential aggravating factor listed in the probation report, namely that the defendant took advantage of a position of special trust. Consequently, we agree with Quinones and the

People that the case must be remanded for resentencing. The issue, of course, may be specifically addressed on resentencing.

## DISPOSITION

The sentence is reversed and the case is remanded for resentencing in accordance with the views expressed in this opinion. In all other respects, the judgment is affirmed.

Capaccioli, J., concurred.

**BRAUER, Acting P. J.,** Concurring and Dissenting.—I join in the opinion of the court except as to that part which orders remand for resentencing.

*People* v. *Ginese* (1981) 121 Cal.App.3d 468 [175 Cal.Rptr. 383] is not clear. I do not quarrel with that decision if it is merely construed to hold that where a specific age of a child is an element of a crime or a degree of a crime the court may not aggravate the defendant's sentence on the basis of California Rules of Court, rule 421(a)(9), namely that "[t]he defendant used . . . minors in the commission of the crime." But if *Ginese* is interpreted so as to preclude aggravating on the basis of a victim's age considerably below that which is an element of the offense, *Ginese* is wrong[1] and should not be followed. A trial judge is well within his rights in determining that a defendant is far more depraved and dangerous if he molests a nine-year-old than if he engages in the same conduct with a perhaps sexually precocious thirteen-year-old. In my view, a trial judge who points out, as this one did, that a victim of molestation was nine years of age has stated sufficient grounds for the imposition of the upper term. Rules 408 and 443 make clear that the enumeration in the rules is not exclusive and that the sentencing judge need not parrot the ponderous prose of the rules.

Appellant's petition for review by the Supreme Court was denied October 13, 1988, Broussard, J., was of the opinion that the petition should be granted.

---

[1] *Ginese* derives solace from the entirely unexceptionable but different case of *People* v. *Flores* (1981) 115 Cal.App.3d 924 [171 Cal.Rptr. 777]. There the dividing line was 16 years of age, the victims were between 14 and 16 years old, and the sentencing judge gave no reason except that "the victims were particularly vulnerable due to their young age."