[No. A054926. First Dist., Div. Two. Mar. 22, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN CALVIN BABCOCK, Defendant and Appellant.

COUNSEL

Rita L. Swenor, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Willaimson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Mark S. Howell and Christopher J. Wei, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**BENSON, J.**—Following a jury trial, defendant John Calvin Babcock was convicted of several sexual assault charges involving minors. Defendant's sole contention on appeal is that there is insufficient evidence of force to sustain the convictions on two counts of forcible lewd and lascivious conduct. (See Pen. Code, § 288, subd. (b).)[1] We disagree and affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 14, 1991, defendant was charged with multiple counts of sexual assault against a number of different victims, all of whom were minors. Only counts 12 and 14 of the information are at issue in this appeal.[2] Count 12 charged defendant with committing a forcible lewd and lascivious act on Autumn R., a seven-year-old girl, in violation of section 288, subdivision (b).[3] Count 14 charged defendant with committing a forcible lewd and lascivious act on Rachel P., an eight-year-old girl, also in violation of section 288, subdivision (b).

---

[1]All further statutory references are to the Penal Code, unless otherwise indicated.

[2]Because we address only the evidence pertaining to counts 12 and 14, we need not address defendant's motion to strike references to the other counts from the Attorney General's brief.

[3]Section 288, subdivision (b), provides as follows: "Any person who commits an act described in subdivision (a) [a lewd or lascivious act on a child under the age of 14 years] by

At trial, Autumn initially had some difficulty recalling the events giving rise to count 12. When reminded about a conversation she had had with a police investigator, however, Autumn recalled that defendant "took my hand and made me touch him." The incident occurred in the back bedroom of the house in which defendant lived with Autumn and her mother. According to Autumn, defendant made her touch his crotch for "a couple minutes." Defendant had his pants on at the time of the touching. Defendant took the stand in his own defense and denied that this incident had occurred.

Rachel also had some difficulty recalling the events giving rise to count 14. When reminded of her conversation with the police investigator, however, Rachel recalled that defendant had asked her to touch "his private" and that she had said "no." When asked to demonstrate what had happened, Rachel indicated that defendant had grabbed her hand and touched his crotch with it. She tried to pull her hand away, but defendant pulled it back. Defendant denied asking Rachel to touch his crotch. He admitted he may have grabbed Rachel's wrist but denied pulling it towards his genitals.

Although section 288, subdivision (b), criminalizes lewd and lascivious acts on a child under the age of 14 years "by use of force, violence, duress, menace, *or* fear of immediate and unlawful bodily injury on the victim or another person" (italics added), the prosecutor in this case elected to proceed only on a theory of force. Accordingly, the trial court instructed the jury only on force, defining it as "physical force that is substantially different from or substantially greater than that necessary to accomplish the lewd act itself." (See *People* v. *Cicero* (1984) 157 Cal.App.3d 465, 484 [204 Cal.Rptr. 582].)

After requesting that Autumn's testimony be reread, including the "portion of Autumn's testimony regarding the use of force," the jury convicted defendant of both counts 12 and 14 as well as other offenses. The trial court sentenced defendant to a total term of 13 years, including a 3-year consecutive sentence on count 12 and a 3-year consecutive sentence on count 14. Defendant has filed a timely notice of appeal.

## II.  Discussion

As the jury was properly instructed, the force contemplated by section 288, subdivision (b), is "physical force substantially different from or substantially in excess of that required for the lewd act." (*People* v. *Cicero, supra*, 157 Cal.App.3d at p. 484; see also *People* v. *Bergschneider*

use of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person, shall be guilty of a felony and shall be imprisoned in the state prison for a term of three, six, or eight years."

(1989) 211 Cal.App.3d 144, 154 [259 Cal.Rptr. 219]; *People v. Pitmon* (1985) 170 Cal.App.3d 38, 46 [216 Cal.Rptr. 221].) Defendant asserts there is insufficient evidence of such force to sustain the convictions on counts 12 and 14.[4] Accordingly, defendant contends we must reverse the convictions on these counts or, at a minimum, reduce them to convictions for nonforcible lewd and lascivious conduct. (See § 288, subd. (a).)[5]

■ "The proper test for determining a claim of insufficiency of evidence in a criminal case is whether, on the entire record, a rational trier of fact could find the defendant guilty beyond a reasonable doubt. On appeal, we must view the evidence in the light most favorable to the People and must presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence." (*People v. Jones* (1990) 51 Cal.3d 294, 314 [270 Cal.Rptr. 611, 792 P.2d 643], citations omitted.) ■ Applying this standard of review, we conclude the convictions on counts 12 and 14 are supported by substantial evidence of defendant's use of force.

This case is virtually indistinguishable from *People v. Pitmon, supra,* 170 Cal.App.3d 38. In *Pitmon,* the defendant grabbed the eight-year-old victim's hand, placed it on his own genitals, and rubbed himself with the victim's hand. (*Id.* at p. 44.) On appeal, the defendant argued there was insufficient evidence to sustain a finding of force. (*Id.* at p. 47.) The court rejected this contention, holding "[t]here can be little doubt that defendant's manipulation of [the victim's] hand as a tool to rub his genitals was a use of physical force beyond that necessary to accomplish the lewd act. The facts show defendant had hold of [the victim's] hand throughout this act." (*Id.* at p. 48.) Similarly, in this case, the evidence demonstrates defendant grabbed Autumn's and Rachel's hands and forced them to touch his genitals.[6]

---

[4]Since the prosecutor elected not to have the jury instructed on violence, duress, menace, or fear of immediate and unlawful bodily injury (see § 288, subd. (b)), the only issue before us is whether there is sufficient evidence of force to uphold the jury's verdict.

[5]"[T]he prison terms provided for violation of subdivisions (a) and (b) of section 288 are identical. There are, however, collateral consequences which attach to a conviction under subdivision (b). For instance, a violation of subdivision (b) constitutes a violent felony within the meaning of section 667.6, mandating a substantial sentence enhancement where the defendant has been previously convicted of a violent felony and authorizing full, separate and consecutive sentences under certain circumstances." (See *People v. Hecker* (1990) 219 Cal.App.3d 1238, 1249 [268 Cal.Rptr. 884].)

[6]*People v. Raley* (1992) 2 Cal.4th 870 [8 Cal.Rptr.2d 678, 830 P.2d 712], relied upon by our dissenting colleague, is distinguishable. In *Raley,* a death penalty case, the Supreme Court was addressing whether the special circumstance set forth in section 190.3, factor (b)—namely, " '[t]he presence or absence of criminal activity by the defendant which involved the use or attempted use of force or violence or the express or implied threat to use force or violence,' "—was present. (2 Cal.4th at p. 906.) One of the incidents relied on by the prosecution was an incident in which defendant "took [the seven- or eight-year-old victim's]

Furthermore, as to Rachel, the evidence indicates defendant overcame her resistance when she attempted to pull her hand away from his crotch. Although resistance is not required to prove forcible sexual assault, the jury could reasonably have considered Rachel's resistance in assessing whether defendant used force to accomplish the lewd act. (Cf. *People* v. *Barnes* (1986) 42 Cal.3d 284, 304 [228 Cal.Rptr. 228, 721 P.2d 110].) In *People* v. *Bergschneider, supra,* 211 Cal.App.3d at page 154, for example, the court held that evidence the victim unsuccessfully tried to push the defendant's head away while he was attempting to perform oral copulation "represent-[ed] the application of force 'substantially greater than that necessary to accomplish the lewd act itself.' " Likewise, in *People* v. *Mendibles* (1988) 199 Cal.App.3d 1277, 1307 [245 Cal.Rptr. 553], the court held that evidence the defendant pulled the victims back as they tried to get away and pulled their heads forward to get them to perform oral copulation was "unequivocal evidence of the application of physical force as defined by *Cicero.*"

Defendant in this case urges us to reject the above authorities in favor of dicta in the recent opinion in *People* v. *Schulz* (1992) 2 Cal.App.4th 999 [3 Cal.Rptr.2d 799]. In *Schulz,* the defendant woke up the nine-year-old victim at night in her bedroom. (*Id.* at pp. 1003, 1005.) "He grabbed her arm, trying to get her off her bed. She got up and ran to a corner of her room. He grabbed her and held her arm in the corner and she screamed and cried. On direct examination she testified he did not touch her breasts or vagina on this occasion. On cross-examination she testified he did touch her breasts and vaginal area when he got her in the corner." (*Id.* at p. 1003.) On appeal, the defendant claimed there was insufficient evidence of force or duress. (*Id.* at p. 1004.) The Sixth District agreed as to force, stating "[w]e do not regard as constituting 'force' the evidence that defendant grabbed the victim's arm and held her while fondling her. . . . The 'force' factor differentiates the charged sex crime from the ordinary sex crime. Since ordinary lewd touching often involves some additional physical contact, a modicum of holding and even restraining cannot be regarded as substantially different or excessive 'force.' " (*Ibid.,* citations omitted.) The court specifically noted that the opinions in *People* v. *Pitmon, supra,* 170 Cal.App.3d 38, *People* v. *Bergschneider, supra,* 211 Cal.App.3d 144, and *People* v. *Mendibles, supra,* 199

hand and touched his penis with it." (*Id.* at p. 908.) Before addressing whether the special circumstance was present, the Supreme Court noted, "Defendant *may* be correct to argue that the evidence was insufficient to support a conviction for a lewd act with force or coercion, as defined by section 288, subdivision (b)." (*Ibid.,* italics added.) Since the issue before the Supreme Court was the applicability of section 190.3, factor (b), not section 288, subdivision (b), the court's comments were necessarily dicta, and equivocal dicta at that. Moreover, the facts of *Raley* are distinguishable from those in this case. Unlike here, there was no evidence the defendant in *Raley* "made" the victim touch his genitals or that he did so for "[a] couple minutes."

Cal.App.3d 1277, were to the contrary. (*People* v. *Schulz, supra,* 2 Cal.App.4th at p. 1004.) After suggesting the evidence of force was insufficient, the *Schulz* court then upheld defendant's conviction under section 288, subdivision (b), on the grounds of "duress." (2 Cal.App.4th at p. 1005.)

The Sixth District recently followed its opinion in *Schulz* in *People* v. *Senior* (1992) 3 Cal.App.4th 765 [5 Cal.Rptr.2d 14]. In *Senior,* the court stated "[w]e . . . do not regard as constituting 'force' the evidence that defendant pulled the victim back when she tried to pull away from the oral copulations." (*Id.* at p. 774.) The court again rejected the contrary decisions in *Pitmon, Bergschneider,* and *Mendibles* and again upheld the convictions on the grounds of "duress." (*Id.* at pp. 774-775.)

We decline defendant's invitation to follow the dicta in *People* v. *Schulz, supra,* 2 Cal.App.4th 999, and *People* v. *Senior, supra,* 3 Cal.App.4th 765. In our view, the fatal flaw in defendant's argument, and in the analyses in *Schulz* and *Senior,* is in their improper attempt to merge the lewd acts and the force by which they were accomplished *as a matter of law.* Unlike the court in *Schulz,* we do not believe that holding a victim who was trying to escape in a corner is necessarily an element of the lewd act of touching her vagina and breasts. Unlike the court in *Senior,* we do not believe that pulling a victim back as she tried to get away is necessarily an element of oral copulation. And, unlike the defendant in this case, we do not believe that grabbing the victims' hands and overcoming the resistance of an eight-year-old child are necessarily elements of the lewd acts of touching defendant's crotch.

Whether a defendant used "physical force substantially different from or substantially in excess of that required for the lewd act" (*People* v. *Cicero, supra,* 157 Cal.App.3d at p. 484) is properly left as an issue for the jury to resolve. In this case, the prosecutor argued to the jury that "taking the hand and pulling it on his penis was force extra than what had to be used [for] him to commit that act. . . . We have force because he reached and grabbed [her] and put her hand [on his] privates." As discussed above, the evidence supports this argument. (See, *ante,* p. 385.) Moreover, the jury had before it evidence of Rachel's resistance. (See, *ante,* p. 385.) The jury was properly instructed as to the definition of force and, after carefully reviewing and re-reviewing the evidence before it, concluded there was sufficient evidence of force. Since this finding is supported by substantial evidence, we are bound to uphold it on appeal. (See *People* v. *Jones, supra,* 51 Cal.3d at p. 314.)

### III. Disposition

The judgment is affirmed.

Smith, J., concurred.

**KLINE, P. J.,** Concurring and Dissenting.—I dissent from that portion of the majority opinion upholding count 12, the forcible lewd and lascivious act (Pen. Code, § 288, subd. (b); all further section references are to that code) against Autumn R. While I concur in the remainder of the opinion, I would modify count 12 to reflect conviction for a nonforcible lewd act (*id.*, subd. (a)), affirm as modified and remand for resentencing.

Section 288, subdivision (b), criminalizes lewd or lascivious acts on a child under the age of 14 years "by use of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim . . . ." Because the prosecutor here elected to proceed only on the theory of force, the court instructed only on that element, defining it as "physical force that is substantially different from or substantially greater than that necessary to accomplish the lewd act itself." This accords with settled case law defining the requisite force as "physical force substantially different from or substantially in excess of that required for the lewd act . . . ." (*People v. Cicero* (1984) 157 Cal.App.3d 465, 484 [204 Cal.Rptr. 582]; *People v. Bergschneider* (1989) 211 Cal.App.3d 144, 154 [259 Cal.Rptr. 219]; *People v. Pitmon* (1985) 170 Cal.App.3d 38, 46 [216 Cal.Rptr. 221].)

Requiring "substantially different or excess" force (the *Cicero* test) respects the legislative distinction between subdivision (a) of the section, which as a matter of fundamental policy makes lewd acts with a young child criminal even though the child may have consented to the acts, and subdivision (b), which envisions greater penal consequences where the perpetrator acts against the child's will. (*Cicero, supra,* 157 Cal.App.3d 465, 473-474.) Implicitly recognizing that children of tender years are unlikely to resist an adult, the Legislature does not require proof that resistance was overcome. However, it does require proof in the total circumstances that the lewd act was against the victim's will (*id.,* at pp. 481-482), and the *Cicero* test serves that requirement where will is overcome by force.

Like my colleagues, I reject recent contrary suggestions from the Sixth District. Embracing the dissenting view in *Cicero*, that court has held that jury instruction on different or excess force is adequate without instructing on the need to overcome a child's will. (*People v. Quinones* (1988) 202 Cal.App.3d 1154, 1157-1158 [249 Cal.Rptr. 435].) Apparently building on

that precedent, and now unhinged from the force requirement's will-of-the-child rationale, the Sixth District disowns precedent applying the *Cicero* test, and with twisted results. In *People* v. *Schulz* (1992) 2 Cal.App.4th 999 [3 Cal.Rptr.2d 799], a nine-year-old girl was awakened in her bed at night by the defendant, ran into a corner trying to escape and there held by him, screaming and crying, as he fondled her breasts and vaginal area. Said the court: "We do not regard as constituting 'force' the evidence that defendant grabbed the victim's arm and held her while fondling her. [Citations.] The 'force' factor differentiates the charged sex crime from the ordinary sex crime. Since ordinary lewd touching often involves some additional physical contact, a modicum of holding and even restraining cannot be regarded as substantially different or excessive 'force.' " (*Id.*, at p. 1004.) In *People* v. *Senior* (1992) 3 Cal.App.4th 765 [5 Cal.Rptr.2d 14], the Sixth District said: "We . . . do not regard as constituting 'force' the evidence that defendant pulled the victim back when she tried to pull away from the oral copulations . . . . [Citations.] . . . Since ordinary oral copulation . . . almost always involve[s] some physical contact other than genital, a modicum of holding and even restraining cannot be regarded as substantially different or excessive 'force.' " (*Id.*, at p. 774.) Both opinions note contrary holdings in *Pitmon, Bergschneider* and *People* v. *Mendibles* (1988) 199 Cal.App.3d 1277 [245 Cal.Rptr. 553], evidently conceding that they are not meaningfully distinguishable.[1]

I cannot fathom how grabbing and restraining a screaming child while fondling her (as in *Schulz*) or pulling back her head to overcome the child's resistance to oral copulation (as in *Senior*) are not *forcible* lewd acts. Both unequivocally show excess force used to overpower an unwilling child. To be sure, "ordinary" lewd touching does often involve some physical contact beyond the touching itself. This is especially so in a case like ours, where the act is performed not on the child but by the child on the perpetrator, at the perpetrator's instigation. However, *Schulz* and *Senior* go too far, apparently disregarding whether the amount of force used shows that the will of the child was overcome. They have abandoned the central inquiry under *Cicero* and left no principle in its place for defining "excess" or "different" force.

Applying familiar review principles (*People* v. *Jones* (1990) 51 Cal.3d 294, 314 [270 Cal.Rptr. 611, 792 P.2d 643]), I agree that sufficient evidence of excess force exists for count 14. Rachel said defendant asked her to touch

---

[1]"(Contra, *People* v. *Pitmon* (1985) 170 Cal.App.3d 38, 48 . . . —physical manipulation of hand and pushing on back during lewd touching; *People* v. *Bergschneider* (1989) 211 Cal.App.3d 144, 154 . . . —pushing head against victim's hands during oral copulation; cf. *People* v. *Mendibles* (1988) 199 Cal.App.3d 1277, 1307 . . . —pulling head forward during lewd touching." (*Senior, supra,* 3 Cal.App.4th 765, 744; *Schulz, supra,* 2 Cal.App.4th 999, 1004.)

"his private" and that she said "no." Asked to demonstrate what happened, she indicated that he had grabbed her hand and touched his crotch with it. She tried to pull her hand away, but he pulled it back. This was more than the force minimally needed to have her touch his crotch. Defendant overcame her resistance when she tried to pull her hand away. As the majority note, actual resistance is not necessary but is a good indicator of the child's will being overborne. (Cf. *People* v. *Barnes* (1986) 42 Cal.3d 284, 304 [228 Cal.Rptr. 228, 721 P.2d 110]; see, e.g., *Bergschneider, supra,* 211 Cal.App.3d 114, 154 [child pushed perpetrator's head away during oral copulation]; *Mendibles, supra,* 199 Cal.App.3d 1277, 1307 [perpetrator pulled children back as they tried to get away and pulled their heads forward to get them to perform oral copulation].)

As to count 12, however, only the lewd act itself is shown. Autumn testified that defendant, while they were in the back bedroom, "took my hand and made me touch him." He made her touch his crotch, over his pants, for "[a] couple minutes." This shows nothing more than the force minimally necessary to commit the act. Without moving her hand to his crotch, the lewd touching could not occur. The majority's assertion that this "forced" Autumn to touch him (maj. opn., *ante,* p. 386) does not make it so in a legal sense. Autumn said he "made" her touch him, but that in itself shows no more than that he physically moved her hand to him—i.e., that the touching was not at her instigation. Autumn gave no indication that defendant took her hand in a rough manner and, unlike Rachel, did not physically demonstrate the event on the stand. She was not even asked how she felt about it. I can agree that it took "force" to move her hand, but this was not force "substantially different from or substantially in excess of that required for the lewd act . . . ." (*Cicero, supra,* 157 Cal.App.3d 465, 484.)

Nor is the majority's reliance on *Pitmon, supra,* 170 Cal.App.3d 38, fruitful. There the defendant grabbed an eight-year-old boy's hand, placed it on his own genitals, and rubbed himself with the hand. The court held: "There can be little doubt that defendant's *manipulation of* [*the boy's*] *hand as a tool to rub* his genitals was a use of physical force beyond that necessary to accomplish the lewd act. The facts show defendant had hold of [the] hand throughout this act." (*Id.,* at p. 48, italics added.) Our record does not show that defendant rubbed himself with the hand, as in *Pitmon,* or applied any force beyond moving Autumn's hand to his crotch. Evidence of substantially different or excess force is entirely lacking.

Closer to our facts is *People* v. *Raley* (1992) 2 Cal.4th 870 [8 Cal.Rptr.2d 678, 830 P.2d 712], where the defendant invited a seven- or eight-year-old girl into his bedroom, shut the door, told her to undress from the waist down,

undressed himself and then "took her hand and touched his penis with it" before being interrupted by the child's mother coming home (*id.*, at p. 908). The Supreme Court observed, as to whether this supported a special circumstance of actual or threatened force or violence (§ 190.3, subd. (b)): "Defendant may be correct to argue that the evidence was insufficient to support a conviction for a lewd act with force or coercion, as defined by section 288, subdivision (b). There was little or no evidence, apart from the fact of disparity in size and age, that defendant used force or violence beyond the force necessary to accomplish the lewd act." (2 Cal.4th at p. 908, citing *Cicero* among other cases.) Nevertheless, the entire course of criminal conduct (he had pushed the girl out a window afterward and threatened to beat her up if she said anything) adequately showed threats of force or violence. We have no such further facts here—only the indistinguishable fact that defendant "took" a child's hand and placed it to his (covered) genitals.

Where evidence fails to support an element of an offense, we may obviate the need for retrial by modifying the judgment to reflect conviction for any supported lesser-included or lesser-degree offense. (§§ 1181, subd. 6, 1260; *People* v. *Odle* (1951) 37 Cal.2d 52, 56-57 [230 P.2d 345].) Defendant has argued that his lewd-act conviction lacks evidentiary support for the force element under section 288, subdivision (b), but does not dispute that the evidence supports a *non*forcible lewd-act conviction under section 288, subdivision (a). A forcible lewd act necessarily includes a nonforcible one under the section. (*People* v. *Ward* (1986) 188 Cal.App.3d 459, 472 [233 Cal.Rptr. 477].)

I would accordingly modify the judgment, affirm as modified and remand for resentencing. (Cf. *People* v. *Alexander* (1983) 140 Cal.App.3d 647, 666-667 [189 Cal.Rptr. 906].) The sentence options for the court are significantly different with the modification. The court imposed a mitigated term of three years for count 12, which is the same mitigated term prescribed for a nonforcible lewd act. (§ 288, subds. (a) and (b).) However, the court had felt bound to impose a full consecutive sentence and to exclude that count from the principal-subordinate sentencing scheme it used for other counts. (§§ 1170.1, 667.6; see also *People* v. *Hecker* (1990) 219 Cal.App.3d 1238, 1249 [268 Cal.Rptr. 884].)

Appellant's petition for review by the Supreme Court was denied July 15, 1993.