[No. C012476. Third Dist. Nov. 10, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
LOGAN BRETT NEEL, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts II through VI.

## COUNSEL

Joseph B. de Illy, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, W. Scott Thorpe and Janet G. Bangle, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

SCOTLAND, J.—A jury found that, from September 1990 through May 1991, defendant committed nine acts of lewd conduct with his nine-year old daughter. The jury determined that six of the acts, in which the daughter either orally copulated defendant or masturbated his penis with her hand, were accomplished by means of force. On one occasion, with his hand defendant "push[ed] [the victim's] head down . . . on his private." When the

victim "tried to back [her] head up," defendant "would push it down 'till he made [her] mouth touch his private . . . ." In five incidents, defendant would "hold [the victim's] wrist and make [her] hand go up and down" on his penis. The victim would try to pull her hand away, but was unable to do so. The three acts which the jury found were not accomplished by force involved defendant touching the victim's vagina with his finger or penis. Convicted of six counts of violating Penal Code section 288, subdivision (b) and three counts of violating Penal Code section 288, subdivision (a), and found to have had substantial sexual conduct with a victim under eleven years of age (Pen. Code, § 1203.066, subd. (a)(8)), he was sentenced to state prison for a term of thirty-six years. (Further section references are to the Penal Code.)

On appeal defendant contends, among other things, the evidence is insufficient to support the findings he used force to accomplish the six acts involving oral copulation and masturbation. He cites *People* v. *Senior* (1992) 3 Cal.App.4th 765 [5 Cal.Rptr.2d 14] and *People* v. *Schulz* (1992) 2 Cal.App.4th 999 [3 Cal.Rptr.2d 799] for the proposition that his acts of pulling the victim back when she tried to pull away from the oral copulation, and physically manipulating the victim's hand and preventing her from pulling it away during the masturbation, did not constitute the use of "force" within the meaning of section 288, subdivision (b). (*Senior, supra*, at p. 774; *Schulz, supra*, at p. 1004.)

In the published portion of this opinion, we disagree with the holdings in *Senior* and *Schulz*. As we shall explain, the element of "force" in section 288, subdivision (b) is satisfied by evidence that the defendant applied force in order to accomplish the lewd act without the child's consent.

In the unpublished parts of our opinion, we reject defendant's remaining contentions. Accordingly, we shall affirm the judgment.

DISCUSSION

I

Section 288, subdivision (b) provides that one "who commits an act described in subdivision (a) [lewd or lascivious act with a child under the age of 14] by use of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person, shall be guilty of

a felony and shall be imprisoned in the state prison for a term of three, six, or eight years." As this court observed in *People* v. *Cicero* (1984) 157 Cal.App.3d 465 [204 Cal.Rptr. 582], "Subdivisions (b) and (a) of section 288 on their face draw a distinction between those lewd acts that are committed by force and those that are not. Because of the application of sections 1203.066, subdivision (a)(1), and 667.6, subdivision (d), the violation of subdivision (b) is manifestly a more serious offense than the violation of subdivision (a). The sentencing court cannot grant probation to a defendant convicted of subdivision (b). (§ 1203.066, subd. (a)(1).) In many cases, a defendant convicted of two or more offenses under subdivision (b) will face a mandatory term in state prison that is at least twice as long as the term available to a defendant who commits multiple offenses under subdivision (a). (§ 667.6, subd. (d).)" (157 Cal.App.3d at p. 473.) (Hereafter section 288, subdivision (b) shall be referred to simply as subdivision (b).)

■ In subdivision (b), the element of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person is intended as a requirement that the lewd act be undertaken without the consent of the victim. (*Cicero, supra*, 157 Cal.App.3d at pp. 475-476, 477-484.) As used in that subdivision, "force" means "physical force substantially different from or substantially greater than that necessary to accomplish the lewd act itself." (*Id.*, at p. 474; cf. *People* v. *Quinones* (1988) 202 Cal.App.3d 1154, 1158 [249 Cal.Rptr. 435].)

Applying these principles, the *Cicero* court upheld the subdivision (b) convictions of a defendant who picked up two girls, moved his hands between their legs, opened and closed his hands on the girls' crotches as he carried them along, and then asked one of the girls to kiss him. (157 Cal.App.3d at p. 470.) The evidence supported the convictions because the lewd acts of fondling the victims' genital areas were undertaken without the victims' consent and were accomplished by the applications of physical force substantially different from and substantially greater than that necessary to accomplish the lewd act of feeling their crotches, i.e., picking them up and carrying them along as the defendant committed the lewd acts. (*Id.*, at pp. 474, 485-486.)

Since *Cicero*, a number of appellate courts have addressed the element of force in subdivision (b). Until *Schulz* and *Senior*, the decisions were uniform and consistent with *Cicero*. (See *People* v. *Pitmon* (1985) 170 Cal.App.3d 38 [216 Cal.Rptr. 221]; *People* v. *Mendibles* (1988) 199 Cal.App.3d 1277 [245 Cal.Rptr. 553]; *People* v. *Bergschneider* (1989) 211 Cal.App.3d 144 [259 Cal.Rptr. 219].)

In *Pitmon*, the defendant grabbed the victim's hand, placed it on the defendant's genitals, and rubbed himself with the victim's hand. Thereafter, the defendant made the victim orally copulate him, pushing the victim's head as he did so. (170 Cal.App.3d at pp. 44-45, 48.) In holding the evidence was sufficient to sustain convictions under subdivision (b), this court stated: "There can be little doubt that defendant's manipulation of [the victim's] hand as a tool to rub his genitals was a use of physical force beyond that necessary to accomplish the lewd act. The facts show [defendant] had hold of [the victim's] hand throughout this act. Further, the record reveals that in those instances in which [the victim] orally copulated defendant, defendant slightly pushed [the victim's] head back during each performance of that act. Again this displayed a use of physical force that was not necessary for the commission of the lewd acts." (170 Cal.App.3d at p. 48.)

In *Mendibles*, the defendant held the two victims as he made them wash his penis on one occasion and orally copulate him on another occasion. (199 Cal.App.3d at pp. 1285-1286.) The Second District, Division One concluded this evidence was sufficient for convictions under subdivision (b): "In each instance, the victim stated she tried to get away from defendant, but he pulled her back. In addition, [one victim] testified defendant pulled her head forward then forced her to perform an act of oral copulation; [the other victim] gave similar testimony. This is unequivocal evidence of the application of physical force [within the meaning of subdivision (b)]." (199 Cal.Ap.3d at p. 1307.)

In *Bergschneider*, the victim testified that, when the defendant attempted to orally copulate her, the victim unsuccessfully tried to push his head away. The Fourth District, Division One concluded: "This represents the application of force 'substantially greater than that necessary to accomplish the lewd act itself.'" (211 Cal.App.3d at p. 154.)

This uniformity in assessment of the "force" element of subdivision (b) was broken by *Schulz, supra,* 2 Cal.App.4th 999 and *Senior, supra,* 3 Cal.App.4th 765.

In *Schulz*, the defendant entered the victim's room and tried to get her off her bed. When the victim ran to a corner of the room, the defendant grabbed and held her arm as she screamed and cried. While he held the victim's arm, the defendant touched her breasts and vaginal area. (2 Cal.App.4th at p. 1003.) The Court of Appeal, Sixth Appellate District held this was insufficient evidence of force within the meaning of subdivision (b). The court

reasoned as follows: "We do not regard as constituting 'force' the evidence that defendant grabbed the victim's arm and held her while fondling her. . . . The 'force' factor differentiates the charged sex crime from the ordinary sex crime. Since ordinary lewd touching often involves some additional physical contact, a modicum of holding and even restraining cannot be regarded as substantially different or excessive 'force.'" (2 Cal.App.4th at p. 1004.)

In *Senior*, the defendant orally copulated the victim's vagina and made her orally copulate his penis. "According to the victim, she tried to pull away when [the defendant] licked her vagina. He pulled her back. She tried to pull away from sucking his penis. He held her shoulders." (3 Cal.App.4th at p. 771.) Citing *Schulz*, the Sixth District held: "We . . . do not regard as constituting 'force' the evidence that defendant pulled the victim back when she tried to pull away from the oral copulations . . . . Since ordinary oral copulation and digital penetration almost always involve some physical contact other than genital, a modicum of holding and even restraining cannot be regarded as substantially different or excessive 'force.' There was no evidence here of any struggle, however brief." (*Id.*, at p. 774.)

The *Schulz* and *Senior* courts acknowledged that their interpretation of the "force" requirement of subdivision (b) was contrary to precedent. (*Schulz, supra*, 2 Cal.App.4th at p. 1004; *Senior, supra*, 3 Cal.App.4th at p. 774.) Nevertheless, the Sixth Appellate District departed from that precedent, because, as we have noted, the *Schulz* and *Senior* courts concluded that lewd acts with a child under 14 "almost always involve some physical contact other than [the lewd act itself]" and that "a modicum of holding and even restraining cannot be regarded as substantially different or excessive 'force' [beyond the force required for the lewd act.]" (*Senior*, at p. 774; *Schulz*, at p. 1004.)

The First District, Division Two, recently criticized the rationale of *Schulz* and *Senior* and declined to follow their interpretation of the force requirement of subdivision (b). (*People* v. *Babcock* (1993) 14 Cal.App.4th 383, 388 [17 Cal.Rptr.2d 688].) The *Babcock* court concluded that the flaw in the analyses in Schulz *and* Senior "is in their improper attempt to merge the lewd acts and the force by which they were accomplished *as a matter of law*. Unlike the court in *Schulz*, we do not believe that holding a victim who was trying to escape in a corner is necessarily an element of the lewd act of touching her vagina and breasts. Unlike the court in *Senior*, we do not believe that pulling a victim back as she tried to get away is necessarily an

element of oral copulation. And, unlike the defendant in this case, we do not believe that grabbing the victims' hands and overcoming the resistance of an eight-year-old child are necessarily elements of the lewd acts of touching defendant's crotch." (*Id.*, at p. 388, italics in original [in *Babcock*, the defendant grabbed the victims' hands and forced the victims to touch his genitals; when one victim attempted to pull her hand away, defendant overcame her resistance (*id.*, at pp. 386-387)].) In the words of Presiding Justice Kline: "I cannot fathom how grabbing and restraining a screaming child while fondling her (as in *Schulz*) or pulling back her head to overcome the child's resistance to oral copulation (as in *Senior*) are not *forcible* lewd acts. Both unequivocally show excess force used to overpower an unwilling child." (*Id.*, at p. 390 (conc. and dis. opn. of Kline, P. J.), italics in original.)

We join *Babcock* in disagreeing with the reasoning of *Schulz* and *Senior*. As explained in *Cicero*, the element of force in subdivision (b) is intended as a requirement that the lewd act be undertaken without the victim's consent by means of "physical force substantially different from or substantially greater than that necessary to accomplish the lewd act itself." (*Cicero, supra,* 157 Cal.App.3d at pp. 474-475, 477-484.) In our view, it is readily apparent that the force used in *Schulz* and *Senior* was applied to accomplish the lewd acts against the will of the victims and constituted physical force substantially different from and substantially in excess of that required for the lewd acts. A defendant may fondle a child's genitals without having to grab the child by the arm and hold the crying victim in order to accomplish the act. Likewise, an assailant may achieve oral copulation without having to grab the victim's head to prevent the victim from resisting. Simply stated, such force is different from and in excess of the type of force which is used in accomplishing similar lewd acts with a victim's consent.

Hence, in this case, we decline defendant's invitation to "reassess[ ] and reanalyze[ ]" this court's holdings in *Cicero* and *Pitmon* "in light of" *Schulz* and *Senior*. Applying the principles set forth in *Cicero*, we conclude that defendant's acts of forcing the victim's head down on his penis when she tried to pull away and grabbing her wrist, placing her hand on his penis, and then "making it go up and down" constitute force within the meaning of subdivision (b) in that defendant applied force in order to accomplish the lewd acts without the victim's consent.

II-VI*

. . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante*, page 1784.

## DISPOSITION

The judgment is affirmed.

Puglia, P. J., and Sims, J., concurred.

Appellant's petition for review by the Supreme Court denied February, 10, 1994.