Filed 6/24/14  P. v. Alba CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B253117 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. No. KA097405) |
| FRANCISCO ALBA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Robert M. Martinez, Judge.  Affirmed.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Timothy M. Weiner, Deputy Attorneys General, for Plaintiff and Respondent.

Following a jury trial, defendant Francisco Alba was convicted of one count of committing a lewd and lascivious act by force or fear on a child under the age of 14 years. (Pen. Code, § 288, subd. (b)(1).)[1] Defendant appealed from the judgment, contending the evidence was insufficient to establish that the degree of force was substantially different from or substantially greater than that necessary to accomplish the lewd act itself. We reject defendant's contention and affirm.

## BACKGROUND

In December 2011, Miriam (then age 12) and her sister Stephanie were staying with a friend of their Aunt Noemi.[2] The friend is the mother-in-law of defendant's cousin Jessica. Jessica and Jessica's daughter Brianna (then age 18 months) were living at the home.

During that time, defendant was living with his uncle and aunt, Amado and Maria, and their son. On Christmas Eve 2011, Amado and Maria hosted a party in their home. The party extended into Christmas morning. In addition to Amado and Maria and their son, defendant, Jessica and her daughter Brianna, Noemi and her nieces Miriam and Stephanie, and Miriam's father Joaquin also were at the home where the party was held.

The party started at about 9:00 or 10:00 p.m. on Christmas Eve. At about 1:00 a.m. the next morning, Jessica placed 18-month-old Brianna on the bed in defendant's bedroom. At about 2:00 a.m., Jessica took Miriam to the bedroom so that Miriam could sleep next to Brianna.

At about 4:00 a.m., defendant went to the bedroom, where Brianna and Miriam were sleeping. According to Miriam, defendant got in bed and sexually assaulted her. She testified that she woke up when she felt defendant trying to place his hand under her pants. She resisted, but defendant began grabbing, squeezing, and touching her vagina

---

[1] All further statutory references are to the Penal Code.

[2] Miriam considers her Aunt Noemi as her mother.

2

through her clothing. She pushed him away, but he kissed her on the cheek, and grabbed her hand and made her touch his penis. She tried to pull her hand away but was unable to do so because defendant "was too strong." Defendant held onto her hand and made her "squish" his penis, which was "hard." After making more than two attempts to pull her hand away, she finally freed her hand and pushed defendant away. She ran out of the room crying and told Noemi what had happened. Noemi called the police and, after Miriam and defendant were questioned, defendant was arrested.

Defendant was 26 years old at the time of trial. He testified in his defense as follows: After drinking about 10 to 12 beers at the party, he went to his bedroom, where Miriam and Brianna were sleeping. He got into his bed and went to sleep "next to the headboard on the other side of the bed." He did not touch or grab Miriam and did not make her touch his penis. He slept until he was awakened by the police.

The jury was instructed on the crime of committing a lewd and lascivious act *by force or fear* on a child under the age of 14 years. (Count 1; § 288, subd. (b)(1); CALCRIM No. 1111.) The jury also was instructed on the following lesser crimes: (1) committing a lewd or lascivious act upon a child under the age of 14 years *without force or fear* (§ 288, subd. (a); CALCRIM No. 3517); and (2) simple assault without force or fear (§ 240; CALCRIM No. 915).

The jury found defendant guilty of count 1 as charged. At sentencing, the trial court denied probation but found several mitigating factors: (1) defendant has no criminal history; (2) the crime did not appear to be premeditated, but appeared to be situational and induced by the consumption of alcohol and the resulting intoxication; and (3) the use of force, when measured within "the spectrum of how these crimes are committed," was "minimal" in that "[t]here was no attempt by the defendant to overcome the resistance of the minor child." The trial court selected the low term of five years, which the court found "would serve the objectives of the law by imposing a period of incarceration that is commensurate with the conduct." The court imposed a restitution fine, a parole revocation fine, a court security fine, and a conviction assessment fine. The court also ordered defendant to register as a sex offender. (§ 290.)

3

## DISCUSSION

Defendant contends the judgment must be reversed because the prosecution failed to prove the degree of force necessary to sustain an aggravated lewd conduct violation under section 288, subdivision (b)(1). We conclude the contention lacks merit.

"The proper test for determining a claim of insufficiency of evidence in a criminal case is whether, on the entire record, a rational trier of fact could find the defendant guilty beyond a reasonable doubt. [Citations.] On appeal, we must view the evidence in the light most favorable to the People and must presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence. [Citation.]" (*People v. Jones* (1990) 51 Cal.3d 294, 314.)

As the Attorney General correctly points out, this case is indistinguishable from *People v. Babcock* (1993) 14 Cal.App.4th 383, in which "the defendant grabbed the victim's hand, placed it on his own genitals, and rubbed himself with the victim's hand. [Citation.]" (*Id.* at p. 386.) In affirming the conviction, the court in *Babcock* found that the jury could reasonably have considered the minor victim's unsuccessful attempts to pull her hand away from defendant's penis in assessing whether force in excess of that required for the lewd act was used. (*Id.* at p. 387.) The court stated that "[w]hether a defendant used 'physical force substantially different from or substantially in excess of that required for the lewd act' (*People v. Cicero* [(1984)] 157 Cal.App.3d [465,] 484 [overruled on another point in *People v. Soto* (2011) 51 Cal.4th 229, 248]) is properly left as an issue for the jury to resolve. . . . [T]he prosecutor argued to the jury that 'taking the hand and pulling it on his penis was force extra than what had to be used [for] him to commit that act. . . . We have force because he reached and grabbed [her] and put her hand [on his] privates.' As discussed above, the evidence supports this argument. (See, *ante*, p. 385.) . . . The jury was properly instructed as to the definition of force and, after carefully reviewing and re-reviewing the evidence before it, concluded there was sufficient evidence of force. Since this finding is supported by substantial evidence, we

4

are bound to uphold it on appeal. (See *People v. Jones*, *supra*, 51 Cal.3d at p. 314.)" (*Id.* at p. 388.)

In this case, in addition to receiving proper instructions as to the definition of force, the jury was instructed on two lesser crimes that did *not* require the use of force: (1) committing a lewd or lascivious act upon a child under the age of 14 years without force or fear (§ 288, subd. (a)); and (2) simple assault (§ 240). After considering the conflicting accounts given by Miriam and defendant, the jury found there was sufficient evidence of force in excess of that needed to commit a lewd act, and convicted defendant of count 1.

We conclude that where a defendant holds onto the hand of a child under age 14 and forcibly places the child's hand on his penis and holds it there, there is sufficient evidence for a jury to reasonably conclude that the force used was substantially different from or substantially in excess of that required for the lewd act. We therefore conclude the evidence in this case was sufficient to support defendant's conviction under section 288, subdivision (b)(1).

Defendant's reliance on *People v. Soto*, *supra*, 51 Cal.4th 229, in which the court discussed whether the child victim's consent is a defense to the crime of a lewd act on a child under age 14, is misplaced. In *Soto*, the court held that because a child under the age of 14 years is legally incapable of consenting to sexual relations, "the victim's consent is not a defense to the crime of lewd acts on a child under age 14 under any circumstances." (*Id.* at p. 233.) Because *Soto* did not consider the degree of force necessary to sustain an aggravated lewd conduct violation under section 288, subdivision (b)(1), it does not support defendant's claim of insufficient evidence.

## DISPOSITION

The judgment is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


EDMON, J.*

We concur:


EPSTEIN, P. J.


MANELLA, J.

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.