Filed 6/25/26  P. v. Martinez CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>JOE RAMON MARTINEZ,<br><br>　　Defendant and Appellant. | G065486<br><br>(Super. Ct. No. 22CF1214)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Elizabeth G. Macias, Judge. Affirmed in part, reversed in part, and remanded with directions.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, Christopher P. Beesley, Deputy Attorney General, for Plaintiff and Respondent.

Defendant Joe Ramon Martinez appeals from his conviction for committing a forcible lewd act on a child. He contends insufficient evidence showed he used force substantially different from or greater than that needed to commit his lewd act. He also challenges fees reflected in the abstract of judgment that exceeded those orally pronounced at sentencing.

We hold the evidence sufficiently supported the conviction but we shall vacate the sentence, remand for resentencing, and otherwise affirm the judgment.

FACTS

Martinez molested the victim when she was a child. On one occasion, when she was 11 years old, they had been sitting in a jacuzzi when Martinez used his hands to hold the victim "[a]bove [her] waist" and she "ended up from" one side of the jacuzzi to the other side. "Based off of a previous experience" with someone else, the victim was "a hundred percent" sure she felt his "penis" touch her "buttocks."

Martinez was charged with offenses including count 3, committing a lewd act on a child "by use of force." (Pen. Code, § 288, subd. (b)(1).)[1] The jury was instructed that "the force used must be substantially different from or substantially greater than the force needed to accomplish the act itself." (CALCRIM No. 1111 (cleaned up).)

The jury convicted Martinez of count 3 and four other offenses. He was sentenced to a total of 12 years in state prison—eight of those for count 3. In its oral pronouncement of judgment, the trial court imposed "a $40 security fee, a $30 criminal conviction assessment fee." The court did not state a separate fee would be imposed for each conviction. But the court's

---

[1] All undesignated statutory references are to this code.

2

minutes reflect that Martinez was ordered to pay a "$40.00 Court Operations Fee per convicted count" and pay a "Criminal Conviction Assessment Fee per convicted count of $30.00 per misdemeanor/felony." And the abstract of judgment multiplied the fees per each of the five convictions, for respective totals of $200 and $150. (§ 1465.8, subd. (a)(1) & Gov. Code, § 70373, subd. (a)(1) [fees to be imposed for "every conviction"].)

## DISCUSSION

We agree with the Attorney General that for section 288, subdivision (b)(1), the "'use of force' requirement is low." The test is whether the physical force used was "'substantially different from or substantially in excess of that required for the lewd act.'" (*People v. Babcock* (1993) 14 Cal.App.4th 383, 385 (*Babcock*).) "'[A]n act is forcible if force facilitated the act rather than being merely incidental to the act.' [Citation.] '[A]cts of grabbing, holding and restraining that occur in conjunction with the lewd acts themselves' are sufficient to support a finding that the lewd act was committed by means of force." (*People v. Garcia* (2016) 247 Cal.App.4th 1013, 1024.)

The evidence sufficiently shows a use of force. The victim testified Martinez held her by her waist and moved her entire body over his lap, which is when she felt his penis rub against her buttocks. We reject Martinez's contention there was insufficient evidence of force because the victim felt his penis for "[l]ike a millisecond" or a "couple of seconds." The duration of the lewd contact does not determine whether force was used.

Grabbing and moving his victim was "'different from,'" not merely incidental to, contacting her buttocks with his penis. (*Babcock, supra*, 14 Cal.App.4th at p. 385; see also *id.*, at p. 386 [grabbing and moving victims' hands]; *People v. Alvarez* (2009) 178 Cal.App.4th 999, 1005 (*Alvarez*)

3

["forcibly pulled [the victim] onto his lap" and held her hands].) Moving the victim's entire body across his lap also required force "'substantially in excess of that required for the lewd act.'" (*Babcock,* at p. 385.)

We reject Martinez's contention that *People v. Schulz* (1992) 2 Cal.App.4th 999 "is on point and . . . should again be considered." *Schulz* stands for the proposition that, "[s]ince ordinary lewd touching often involves some additional physical contact, a modicum of holding and even restraining cannot be regarded as substantially different or excessive 'force.'" (*Id.*, at p. 1004.) We joined "'a chorus of disapproval'" of *Schulz* back in 2009. (*People v. Alvarez* (2009) 178 Cal.App.4th 999, 1002 (Bedsworth, J.).)

Finally, Martinez contends "the abstract of judgment should be amended to reduce the security fee and criminal conviction fee" because the trial court orally imposed lesser amounts at sentencing and did not indicate those amounts would be multiplied by the number of the jury's convictions. (See § 1465.8, subd. (a)(1) [fee for "every conviction"] & Gov. Code, § 70373, subd. (a)(1) [same].)

"The oral imposition of sentence constitutes the judgment in an action, and the minutes cannot add anything substantive to the oral pronouncement. [Citations.] Generally, the oral pronouncement controls if there is a discrepancy, and the court clerk lacks the authority to add fines or fees not imposed by the trial court." (*People v. El* (2021) 65 Cal.App.5th 963, 967.) We therefore "remand the matter to the trial court to delineate any fines and fees imposed, and their statutory bases." (*Ibid.*)

4

## DISPOSITION

Defendant's sentence is vacated and the matter is remanded for resentencing consistent with this opinion. Upon resentencing, the trial court shall prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.


SCOTT, J.

WE CONCUR:


MOTOIKE, P. J.


SCHWARM, J.*

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.