[Crim. No. 37945. Second Dist., Div. Two. Feb. 17, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
ARMANDO FLORES, Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, J. Courtney Shevelson, Deputy State Public Defender, and Richard Gomez-Hernandez, Acting Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Shunji Asari and Mark Alan Hart, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

COMPTON, J.—Armando Flores was convicted by plea of violating Penal Code section 288a, subdivision (b)(2), in that being over the age of 21 years he committed an act of oral copulation with a person less than 16 years old. He was sentenced to state prison for three years and appeals contending: "The trial court erred in imposing the upper term."

Appellant's three-year term of imprisonment was initially imposed on January 3, 1980. Thereafter, however, defense counsel drew the sentencing court's attention to *People* v. *Harvey* (1969) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396]. Believing that it might have improperly relied upon a dismissed count in selecting the upper term, the court ordered this sentence vabated. Nevertheless, it again selected the upper term on January 10, 1980. At that time, the court had before it extensive documentation from various sources concerning appellant that included, inter alia, reports from three psychiatrists, a report prepared pursuant to Penal Code section 1203.03 containing yet another psychiatric evaluation, and the reports of the probatinn officer.

The probation report, the diagnostic report and three of the four psychiatric opinions expressed the belief that appellant presented a serious threat to society and had a high potential for recidivism.[1] While found to be a mentally disordered sex offender (MDSO) appellant was determined to be unamenable to treatment.

The court pronounced judgment as follows: "All right. It's the judgment and sentence of this Court that for the crime of violation of Section 288(a), subdivision (b), subdivision (2), as charged in Count I of the Information that the defendant be sentenced to the upper base term, which is three years, for the reason that the victim was particularly vulnerable; the victim was a minor; that is, that the defendant used or involved minors, a minor, in the commission of the crime, and that the defendant's psychiatric evaluations indicate that he is a serious danger to society at this time."

Appellant launches a multifold attack upon the articulated factors listed by the trial court. ■ Initially he argues that the court improp-

---

[1]The psychiatric analysis prepared in connection with the Penal Code section 1203.03 report states that "Flores is a compulsive homosexual, probably promiscuous, and probably indifferent to the age of his partners, although the instant offense would suggest a special interest in adolescent boys...."

erly considered the fact that the victim was a minor and was "particularly vulnerable." (Cal. Rules of Court, rule 421(a)(3).)[2]

Respondent tacitly concedes appellant's contention that minority is an element of the charged offense and, therefore, may not thus be considered as a factor in aggravation. (Rule 441(d).) It attempts to justify the court's statement that the victim was "particularly vulnerable" by noting that the "court did not suggest or state that the vulnerability was attributable to the *age* of the victim." However, the probation report expressly recites that the "victims were particularly vulnerable due to their young age."

While there undoubtedly may be situations in which a minor between the ages of 14 and 16 years could appropriately be determined "particularly vulnerable," such as when he or she is mentally deficient, physically handicapped, rendered intoxicated, etc., no such considerations were present here.[3]

The Legislature has determined that persons under the age of 18 years may not lawfully consent to participating in an act of oral copulation. (Pen. Code, § 288a, subd. (b)(1).) In fact, for persons over the age of 21 years who participate in such an act with someone under 16 years of age, their offense can only be punishable as a felony. (Pen. Code, § 288a, subd. (b)(2).) Furthermore, when the minor is under the age of 14 years the penalties are increased to 3, 6 and 8 years. (Pen. Code, § 288a, subd. (c).) In sum, it seems clear that the Legislature already has determined that all persons of specified ages are "particularly vulnerable" by reason of their age alone and, consequently has provided increased punishment for offenses committed against them. The trial court's attempt to support appellant's sentence by reference to these same factors, therefore, was erroneous.

Where two of three articulated factors are erroneous, remand for resentencing is appropriate, particularly when, as here, the mitigating factor of "no prior record" is present. Nonetheless we consider the third factor since the question of its propriety will doubtless recur at resentencing.

---

[2]Hereinafter, all references to rules are to the Sentencing Rules for the Superior Court. (See Cal. Rules of Court, rule 401 et seq.)

[3]This youth, and a companion, voluntarily accompanied appellant to his residence. When he was in the process of urinating, appellant held the youth's penis "and then sucked it briefly before [the youth] was able to push the defendant away."

■ Appellant argues that psychiatric predictions of recidivism[4] are too unscientific and subjective to support a finding of aggravation. Insofar as this attack is directed to the admissibility of psychiatric opinion on the potential for recidivism, recent decisional law has reaffirmed the long standing view that such predictions made by qualified professionals are admissible (*People* v. *Henderson* (1980) 107 Cal.App.3d 475, 483-486 [166 Cal.Rptr. 20] [MDSO proceedings]; see also *People* v. *Martin* (1980) 107 Cal.App.3d 714, 724-725 [165 Cal.Rptr. 773] [same].)

While the purpose of the determinate sentence law may be punitive (Pen. Code, § 1170, subd. (a)(1), two of its "general objectives" are "[p]rotecting society" and "[p]reventing the defendant from committing new crimes by isolating him for the period of incarceration." (Rule 410(a), (e).) Circumstances personal to the defendant may be considered in selecting the appropriate terms. (*People* v. *Cheatham* (1979) 23 Cal.3d 829 [153 Cal.Rptr. 585, 591 P.2d 1237].) A selection of the upper term need not necessarily be predicated upon those particular circumstances in aggravation listed in rule 421. Rule 408(a), provides: "The enumeration in these rules of some criteria for the making of discretionary sentencing decisions does not prohibit the application of additional criteria reasonably related to the decision being made. Any such additional criteria shall be stated on the record by the sentencing judge."

Inasmuch as an MDSO *amenable* to treatment is automatically subject to confinement for the maximum period specified for his underlying conviction or convictions and may even be held beyond that period by reason of psychiatric prediction of recidivism[5] (*People* v. *Henderson, supra*, 107 Cal.App.3d 475), certainly such predictions may also serve to justify confining the MDSO *unamenable* to treatment for the prescribed upper term.

In sum, we hold that sexual crimes against minors pose a serious danger to society and psychiatric predictions of recidivism may provide a

---

[4]The sentencing court indicated that appellant "represents an unreasonable threat to the safety of the community and that there is a likelihood of recidivism with respect to this particular type of crime ...."

[5]Such extended treatment is now permitted for the MDSO who "presents a substantial danger of bodily harm to others." (Welf. & Inst. Code, § 6316.2, subd. (a)(2).) (See *People* v. *Henderson, supra*, at p. 482, fn. 3.)

lawful basis for the selection of the upper term since this criteria is reasonably related to such sentence choice. (Rule 408(a); see also *People* v. *Warner* (1978) 20 Cal.3d 678, 689 [143 Cal.Rptr. 885, 574 P.2d 1237].)

Finally, the record does not support appellant's claim that utilization of psychiatric predictions of recidivism is tantamount to punishing him for his status as a homosexual. (Cf. *Robison* v. *California* (1962) 370 U.S. 660 [8 L.Ed.2d 758, 82 S.Ct. 1417] [narcotic addiction].) Generally speaking, a person's preference as to the gender of his sexual partners is irrelevant. Neither homosexuals nor heterosexuals may direct their preference towards minors, and it is for this act that appellant was convicted.

We reject appellant's suggestion that under rule 423(b)(2) his unamenability to treatment as an MDSO constitutes a factor in mitigation.[6] (Cf. *People* v. *Simpson* (1979) 90 Cal.App.3d 919 [154 Cal.Rptr. 249] [alcoholism].) Indeed, if the psychiatric prediction proves to be correct, it would be difficult to explain to a future victim and his family that appellant's known proclivity to commit such crimes was the very cause of his early release.

The sentence imposed is vacated and the matter is remanded for resentencing consistent with the views here expressed. In all other respects, the judgment is affirmed.

Roth, P. J., and Beach, J., concurred.

---

[6]Rule 423(b)(2), provides that "Circumstances in mitigation include ... Facts relating to the defendant, including the fact that: ... The defendant was suffering from a mental or physical condition that significantly reduced his culpability for the crime."