Filed 8/14/15  P. v. Andrino CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060793 |
| v. | (Super.Ct.No. SWF10002531) |
| ADRIAN ANDRINO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Timothy F. Freer, Judge.  Reversed and remanded.

Joanna Rehm, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, and Barry Carlton and Adrianne S. Denault, Deputy Attorneys General, for Plaintiff and Respondent.

1

Following his conviction for unlawful oral copulation with a person under the age of 18 (Pen. Code,[1] § 288a, subd. (b)(1)) and lewd act upon a child under the age of 14 without force (§ 288, subd. (a)), defendant Adrian Andrino was sentenced to state prison for a total term of six years eight months.  He appealed, and we agreed with his claim that the trial court erred in finding him ineligible for probation.  (*People v. Andrino* (Sept. 17, 2013, E055371) [nonpub. opn.].)  As a result of that error, we reversed defendant's sentence and remanded the matter to the trial court for further proceedings.  On remand, the trial judge was no longer sitting in Riverside Superior Court, so the matter was heard before Judge Timothy F. Freer.  Judge Freer denied probation and sentenced defendant to state prison for the same term imposed by the trial judge (six years eight months).  On appeal, defendant contends Judge Freer's sentencing choices and reasons were based on bias and/or improper aggravating factors.  We agree.

## I.  FACTS AND PROCEDURAL BACKGROUND[2]

In April 2010, 12-year-old Jane Doe,[3] her mother, and her sisters were visiting Doe's aunt.  Defendant, Doe's 20-year-old cousin, lived at the house.  Defendant and Doe began texting each other and the messages became sexual, with defendant asking Doe

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

[2]  We use an abbreviated version of the statement of facts set forth in our prior appellate opinion.  (*People v. Andrino* (Sept. 17, 2013, E055371) [nonpub. opn.], hereafter, E055371.)

[3]  Jane Doe testified that in April 2010, she was 12, and at the time of trial, September 12, 2011, she was 14.

2

asked about her sexual experiences. Doe felt "[a] little uncomfortable" about some of defendant's texts, but she would just laugh off the sexual comments.

On April 9, 2010, the family had a party at Doe's aunt's house. During the party, defendant texted Doe about "what he wanted to do to [her] and whatnot." Doe texted defendant back, telling him they were cousins and were "not supposed to be doing this." At some point during the party, Doe went into a bedroom and began using a computer. About five to 10 minutes later, defendant came into the room, closed the door, and began rubbing Doe's leg. Defendant began touching Doe's breasts, first over her clothing, then under her bra. Defendant then touched Doe under her underwear, rubbing the top part of her vagina, and penetrating her vagina with his finger. Defendant stood, pulled down his pants, grabbed the back of Doe's head, and pushed her head down, placing his penis into her mouth for approximately five minutes. When someone came into the room, defendant sat down on the bed and covered himself with a shirt. When the person left, defendant began touching Doe's breasts, but he did not put his penis in her mouth. When more people returned to the bedroom, Doe was able to leave. She went downstairs and sang karaoke.

Later that night, defendant sent a text to Doe while she was sleeping. Her mother saw the message that stated, "I want more, I want more. I couldn't get enough." Doe's mother was "puzzled and distraught," and answered the text on her daughter's cell phone, "Go to sleep. I'm only 12."

3

Doe told a friend about the incident with defendant; however, she did not tell any adults. After the incident she felt confused. She indicated she did not want defendant to get in trouble and believed it was "just a mistake."

On September 8, 2010, Detective Wilfredo Collazo of the Riverside County Sheriff's Department interviewed defendant at his house. Defendant denied that anything had occurred between him and his cousin, stating, "I didn't do anything man, for real," and that Doe was making stories up. Detective Collazo told defendant he knew that Doe "sucked [his] dick" but wanted to make sure defendant did not force her to do so. Defendant admitted to consensual oral sex only, denying that the incident was "forced."

In defense, several family members who attended the party testified that defendant and Doe were not in the bedroom alone during the party. Defendant testified he came to the United States from the Philippines when he was 10 years old, and English was his second language. He denied being sexually attracted to Doe, fondling or rubbing her chest, touching her vagina, and putting his penis in her mouth. Defendant admitted texting Doe; however, he claimed that the texts were about Doe's boyfriend, about whom Doe was afraid to tell her mom. Defendant denied suggesting to Doe that he wanted to have sex with her. Rather, his text, "I want more" meant "I want to know more" in the sense that he wanted to know more about Doe and her boyfriend. Doe asked him not to tell her mother about her boyfriend, but when he became aware of Doe's allegations, he knew that Doe's mother had found out.

## II. DISCUSSION

Pursuant to section 1203.066, subdivision (d)(1), "[i]f a person is convicted of a violation of Section 288 or 288.5, and the factors listed in subdivision (a) are not pled or proven, probation may be granted" if certain terms and conditions are met. (§ 1203.066, subd. (d)(1).) Initially, the trial court determined defendant was ineligible for probation because his section 288, subdivision (a), conviction involved "substantial sexual conduct," i.e., oral copulation. However, the failure to allege such substantial sexual conduct in the accusatory pleading, along with the lack of an admission by the defendant or true finding by the trier of fact, opened the door to consider probation for defendant. (§ 1203.066, subd. (d)(1).) In defendant's first appeal, we reversed his sentence denying probation and remanded for resentencing.

On remand, defendant was again denied probation, receiving the same sentence imposed by the trial judge. Defendant challenges the denial of probation and imposition of the same sentence. He contends Judge Freer was biased in exercising his sentencing discretion, cited factors in support of his decision to deny probation that were either constitutionally infirm, inherent in the crime, or unsupported by the evidence, and improperly gave no weight to factors in favor of probation.

### A. Further Background Facts

On remand for resentencing, defendant submitted a memorandum and statement in mitigation, which noted that section 1203.066, subdivision (d)(1), allows the trial court to grant probation if certain conditions are met. Defendant argued that he met the requirements of section 1203.066, subdivision (d)(1). Focusing on the April 16, 2011,

5

evaluation by Maurizio F. Assandri, Ph.D., who addressed the section 1203.066, subdivisions (d)(1)(A)-(E) factors, defendant highlighted the doctor's opinion that defendant's incarceration has no direct impact on the victim, the defendant presents no risk to the victim, and the potential risk to other children is low. Dr. Assandri's assessment was substantiated by defendant's accomplishments following his conviction. In response, the prosecution filed a sentencing memorandum asking Judge Freer to deny probation under the criteria of California Rules of Court, rule 4.414,[4] and impose the prior sentence based on the criteria of rule 4.421.

At the sentencing hearing, prior to stating his opinion, Judge Freer observed, "I cannot conceive . . . of something that would be more onerous than coming in and for a 12-year-old girl to testify in open court about molestation . . . and sexual acts . . . under significant pressure from a family that probably did not want imprisonment or any type of punishment or incarceration for an individual." Judge Freer referenced the pressure from the family as being either "direct or indirect." Regarding the victim having to testify, he further observed that "courts of appeal who . . . sit in judgment of trial courts and sit in judgment sometimes have to be reminded of what that might have been like, but—they were not the trial court." Acknowledging that defendant was eligible for probation, Judge Freer found he was "not a suitable candidate," citing the criteria stated in rule 4.414, and denied probation.

---

[4] All further rule references are to the California Rules of Court unless otherwise indicated.

**B. Standard of Review**

"All defendants are eligible for probation, in the discretion of the sentencing court [citation], unless a statute provides otherwise." (*People v. Aubrey* (1998) 65 Cal.App.4th 279, 282.) "The grant or denial of probation is within the trial court's discretion and the defendant bears a heavy burden when attempting to show an abuse of that discretion. [Citation.]" (*Ibid.*) "'In reviewing [a trial court's determination whether to grant or deny probation,] it is not our function to substitute our judgment for that of the trial court. Our function is to determine whether the trial court's order granting [or denying] probation is arbitrary or capricious or exceeds the bounds of reason considering all the facts and circumstances.' [Citation.]" (*People v. Weaver* (2007) 149 Cal.App.4th 1301, 1311, overruled on other grounds as stated in *People v. Cook* (2015) 60 Cal.4th 922, 927, 939.)

Rule 4.414 sets forth the criteria the trial court should consider in deciding whether to grant probation. Rule 4.408(a) provides that a court may consider factors not listed in rule 4.414, provided those factors are "reasonably related" to that decision. (*People v. Weaver*, *supra*, 149 Cal.App.4th at p. 1313.) The circumstances utilized by the trial court to support its sentencing choice need only be established by a preponderance of the evidence. (*Ibid.*) In determining whether a trial court abused its discretion by denying probation, we consider, in part, whether there is substantial evidence to support the court's finding that a particular factor was applicable. (*Ibid.*)

**C. Unconstitutional Considerations**

Here, in denying probation for defendant Judge Freer began by opining that there is nothing "more onerous than coming in and for a 12-year-old girl to testify in open

7

court about molestation . . . and sexual acts . . . under significant pressure from a family that probably did not want imprisonment or any type of punishment or incarceration for an individual." Defendant argues that Judge Freer's opinion shows that he punished defendant for exercising his right to a jury trial because, given the absence of any physical evidence or witnesses to support Doe's charges, the prosecution necessarily had to call Doe to testify.[5] (*People v. Morales* (1967) 252 Cal.App.2d 537, 542-546 (*Morales*).) We agree.

In *Morales,* the trial court explained it was imposing a consecutive sentence "not necessarily because of the aggravated nature of the offense because it wasn't particularly aggravated in terms of what can happen at the prison. But *what I am very much disturbed about is what Mr. Morales put everyone through* . . . I have no objection, in fact I feel all the inmates should be free to come in and present any defense that they may have to any charge that is brought against them in the Criminal Court. They have the same rights as anyone else in that regard, but *I don't think it's fair for an inmate, or anyone else, to come to Court and demand a jury trial, demand the services of the public defender, obtain what I thought was a first class and able defense, when there really isn't any defense to this case, and there was no effort to put on a defense* because there couldn't be, and I don't think this is right. I don't think Mr. Morales in and of himself is the kind of man that has to have a consecutive sentence, but I think somewhere along the line the Court has to face up to the situation. *I'd like the word to go back to San Quentin that if this kind of defense*

---

[5] This was a case of "he said, she said," involving a defendant whose primary language was not English.

*is brought in here again they will get a consecutive sentence.* I think they should because I think there is a point at which the Court should not permit an inmate at San Quentin or anyone else to just plain play games." (*Morales*, *supra*, 252 Cal.App.2d at p. 542, fn. 4, italics added.) The court of appeal reversed Morales's sentence finding that that these comments demonstrated that defendant was being punished for exercising his right to trial. (*Id.* at pp. 546-547.)

Here, while Judge Freer's comments were not as egregious as those of the *Morales* court, they nevertheless depart from established legal principles, specifically, defendant's right to contest the charges against him in a jury trial, to an extent prejudicial to defendant's substantial rights. We acknowledge that "under appropriate circumstances a defendant may receive a more severe sentence following trial than he would have received had he pleaded guilty; the trial itself may reveal more adverse information about him than was previously known. A court may not, however, impose a sentence that conflicts with a defendant's exercise of his constitutional right to a jury trial. [Citation.]" (*In re Lewallen* (1979) 23 Cal.3d 274, 281.) Judge Freer's comments reveal that that is what occurred.[6] "[A] determination made outside the perimeters drawn by individualized

---

[6] Later, Judge Freer considered defendant's silence and/or refusal to admit to the allegations, along with his lack of remorse, (rule 4.414(b)(3), (7)) as factors supporting a denial of probation. However, defense counsel informed Judge Freer that defendant's denial was based on legal advice not to discuss this issue until all appellate rights were exhausted regarding his guilt. Consideration of defendant's silence and/or refusal to admit to the allegations, especially in light of the advice of his counsel, amounts to punishing defendant for exercising his right to remain silent and seek a jury trial. (*Morales*, *supra*, 252 Cal.App.2d at pp. 542-546.) Moreover, "lack of remorse is not a valid reason to aggravate a sentence because [the defendant] denies committing the

*[footnote continued on next page]*

9

consideration of the offense, the offender, and the public interest 'exceeds the bounds of reason.' [Citations.]" (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 978.) Thus, the question becomes whether reversal is required when unconstitutional considerations have entered into the sentencing process. (*Morales*, *supra*, 252 Cal.App.2d at pp. 546-547.) We believe that it is.

**D. Section 1203.066, Subdivision (d)(1) Conditions and Rule 4.414(a) and (b) Criteria**

In addition to injecting improper factors into the analysis, the record suggests Judge Freer failed to consider the required factors enumerated in section 1203.066, subdivision (d)(1).[7] The evidence suggests that many or all of these factors weigh in

---

*[footnote continued from previous page]*

crimes. . . . Where a defendant acknowledges guilt, but shows no remorse, he may be expected to repeat the criminal conduct under similar circumstances. [Citations.] In such a case, lack of remorse may be applied to aggravate as an additional relevant factor pursuant to [former] rule 408. However, here the evidence . . . consists primarily of the sharply conflicting testimony of [defendant] and the prosecuting witness. The evidence of guilt is not overwhelming and [defendant] steadfastly denies the [offenses]. Under these circumstances, [defendant's] lack of sorrow does not indicate he is likely to engage in future [similar offenses]." (*People v. Key* (1984) 153 Cal.App.3d 888, 900-901; see also, *People v. Walker* (1988) 47 Cal.3d 605, 650 [defendant's lack of remorse bears only on "'the inapplicability of [that] mitigating factor'" and cannot be used as an aggravating circumstance.)

[7] Section 1203.066, subdivision (d)(1), provides in relevant part: "If a person is convicted of a violation of Section 288 . . . probation may be granted only if the following terms and conditions are met:

"(A) If the defendant is a member of the victim's household, the court finds that probation is in the best interest of the child victim.

"(B) The court finds that rehabilitation of the defendant is feasible and that the defendant is amenable to undergoing treatment, and the defendant is placed in a

*[footnote continued on next page]*

favor of a grant of probation. At least arguably, a grant of probation would be in Doe's best interests because neither she nor her parents wanted defendant in prison; Dr. Assandri opined that defendant was not a risk to the victim or other children, he was an excellent candidate for, and amenable to, rehabilitation, he had been cooperating with authority, and his incarceration had no direct impact on the victim; defendant would not be living close to the victim, nor would they have contact, during his probation; and he has no previous offenses, substance abuse problems, or major disorders.

Moreover, it appears that Judge Freer either failed to consider, or improperly considered, the criteria set forth in rule 4.414(a) and (b).[8] Although the judge

---

*[footnote continued from previous page]*
recognized treatment program designed to deal with child molestation immediately after the grant of probation or the suspension of execution or imposition of sentence.
"(C) If the defendant is a member of the victim's household, probation shall not be granted unless the defendant is removed from the household of the victim until the court determines that the best interests of the victim would be served by his or her return. . . .
"(D) If the defendant is not a member of the victim's household, the court shall prohibit the defendant from being placed or residing within one-half mile of the child victim's residence for the duration of the probation term unless the court, on the record, states its reasons for finding that this residency restriction would not serve the best interests of the victim.
"(E) The court finds that there is no threat of physical harm to the victim if probation is granted." (§ 1203.066, subds. (d)(1)(A)-(E).)

[8] Rule 4.414 provides: "Criteria affecting the decision to grant or deny probation include facts relating to the crime and facts relating to the defendant.
"**(a) Facts relating to the crime**
"Facts relating to the crime include:
"(1) The nature, seriousness, and circumstances of the crime as compared to other instances of the same crime;
"(2) Whether the defendant was armed with or used a weapon;
"(3) The vulnerability of the victim;
"(4) Whether the defendant inflicted physical or emotional injury;

*[footnote continued on next page]*

11

acknowledged the factors that weighed in favor of probation,[9] we note that his reliance

on certain factors as aggravating factors was misplaced. [10]  For example, in finding the

---

*[footnote continued from previous page]*
    "(5) The degree of monetary loss to the victim;
    "(6) Whether the defendant was an active or a passive participant;
    "(7) Whether the crime was committed because of an unusual circumstance, such as great provocation, which is unlikely to recur;
    "(8) Whether the manner in which the crime was carried out demonstrated criminal sophistication or professionalism on the part of the defendant; and
    "(9) Whether the defendant took advantage of a position of trust or confidence to commit the crime."
    "**(b) Facts relating to the defendant**
    "Facts relating to the defendant include:
    "(1) Prior record of criminal conduct . . . ;
    "(2) Prior performance on probation or parole . . . ;
    "(3) Willingness to comply with the terms of probation;
    "(4) Ability to comply with reasonable terms of probation as indicated by the defendant's age, education, health, mental faculties, history of alcohol or other substance abuse, family background and ties, employment and military service history, and other relevant factors;
    "(5) The likely effect of imprisonment on the defendant and his or her dependents;
    "(6) The adverse collateral consequences on the defendant's life resulting from the felony conviction;
    "(7) Whether the defendant is remorseful; and
    "(8) The likelihood that if not imprisoned the defendant will be a danger to others."  (Rule 4.414(a), (b), original bolding.)

    [9]  The factors supporting probation include the absence of a weapon (rule 4.414(a)(2)); the victim did not want significant punishment for the defendant (rule 4.414(a)(4)); the absence of any monetary loss to the victim (rule 4.414(a)(5)); defendant's lack of a prior criminal record (rule 4.414(b)(1)); his performance in prison (rule 4.414(b)(2)); he has the ability to comply with the terms of probation (rule 4.414(b)(4)); the likely effect of imprisonment on the defendant and his or her dependents (rule 4.414(b)(5)); the adverse collateral consequences on defendant's life (rule 4.414(b)(6)); and defendant does not present a danger to others (rule 4.414(b)(8)).

    [10]  In the original sentencing hearing, the trial judge expressed concern with only two aggravating factors, namely, the age difference between defendant and the victim, and the fact that defendant was the victim's cousin, which made her "a little bit more
*[footnote continued on next page]*

12

offense to be "more severe and more significant" (rule 4.414(a)(1)) Judge Freer confused

the conduct that formed the basis for defendant's section 288, subdivision (a), conviction

with the conduct underlying defendant's section 288a, subdivision (b)(1) conviction.  The

conduct underlying the section 288, subdivision (a), conviction was the touching.  While

Judge Freer interpreted the touching to be digital penetration, defendant was never

charged with such specific conduct, nor was the jury asked to adjudicate whether digital

penetration had occurred.  Moreover, the evidence of digital penetration was

contradictory, and the prosecutor did not rely on it in closing argument.[11]  Despite no

---

*[footnote continued from previous page]*
vulnerable."  However, because a section 288 offense by its nature presumes a vulnerable
victim, i.e., under the age of 14 years, and rule 4.414(a)(3) merely lists "vulnerability of
the victim" as a factor, it must contemplate something more than the victim's age.
(*People v. Flores* (1981) 115 Cal.App.3d 924, 927 [minority could not be used as a basis
for finding that a victim of a section 288a, subdivision (b)(2), offense was "particularly
vulnerable," where minority status was, itself, an element of the charged offense].)
While there undoubtedly may be situations in which a 12-year-old (almost 13-year-old)
minor could appropriately be determined vulnerable, no such considerations were present
here.  Doe was not defenseless, unguarded, unprotected, forced, or threatened with force.
(*People v. Smith* (1979) 94 Cal.App.3d 433, 436 [describing vulnerability in the context
of rule 4.421(a)(3)].)

Likewise, while defendant was Doe's older cousin, he did not occupy a position of
trust.  (Rule 4.414(a)(9).)  Clearly certain family members occupy a position of trust by
virtue of their position of authority; however, those family members possess a position of
"authority in which it is presumed that submission to [his or her] authority is
commonplace, resulting in a potential for undue influence over the victim."  (*People v.
Lucero* (1984) 154 Cal.App.3d 245, 249-250.)  Here, Doe did not live with defendant, she
was not entrusted to his care, and she did not trust his actions towards her as being
normal as evidence by her telling him that they were cousins and that what they were
doing was wrong.

[11] "Count No. 2:  Touching, even over clothes.  Any touching that was done to
gratify the lusts, passions, or sexual desires of the defendant or the victim. . . .  Touching
*[footnote continued on next page]*

13

finding of digital penetration by the trier of fact or the trial judge, Judge Freer determined there was digital penetration and found defendant's offense was "more severe and more significant" compared to other instances of the same crime. Such a determination "'exceeds the bounds of reason considering all the facts and circumstances.' [Citation.]" (*People v. Weaver*, *supra*, 149 Cal.App.4th at p. 1311.)

Regarding defendant being an active participant (rule 4.414(a)(6)), Judge Freer stated, "I don't believe it can be attested by anybody that the defendant was not an active participant." However, the fact that he was the perpetrator is inherent in the commission of the offense; something more is required. Prior to its 1991 revision, rule 4.414(a)(6) (former rule 414(c)(5)) read: "Whether the defendant planned the commission of the crime, whether he instigated it or was solicited by others to participate, and whether he was an active or passive participant." (Former rule 414(c)(5).) This language suggests that the factor is describing actions of the defendant which go beyond the commission of the elements of the crime.

Concerning the presence of great provocation or an unusual circumstance (rule 4.414(a)(7)), Judge Freer found that because "there is nothing unusual about the

---

*[footnote continued from previous page]*
even over clothes? There was touching over clothes, under clothes. There was a lot of touching. . . . [¶] Now, one of the things the judge has instructed you about already is that you have to agree as to—there is multiple acts that are touching. You have to agree as to which act that it was. There was the touching on the breasts; there was the touching that was in her pants; there was touching on the leg. Right? Because it can be even over clothes. Any one of those can be sufficient for this charge. And you just have to agree that any one of those occurred. And so—and if you agree all of them occurred, then you know that your verdict is guilty."

14

particular factors and circumstances[, that] work[s] against the defendant." However, an unusual case may be indicated if the "fact or circumstance giving rise to the limitation on probation is, in this case, substantially less serious than the circumstances typically present in other cases involving the same probation limitation, and the defendant has no recent record of committing similar crimes or crimes of violence." (Rule 4.413(c)(1)(A).) This factor is used throughout the criminal code as a mitigating factor; however, instead of finding the lack of unusual circumstances as only bearing on whether this fact in mitigation existed, Judge Freer used it as an aggravating fact in favor of denying probation. The suggestion that absence of a mitigating factor may be deemed an aggravating factor was held improper in *People v. Davenport* (1985) 41 Cal.3d 247, 289, 290 ["Several of the statutory mitigating factors are particularly unlikely to be present in a given case. . . . To permit consideration of the absence of these factors as aggravating circumstances would make these aggravating circumstances automatically applicable to most [crimes]."].

Finally, Judge Freer found that defendant exhibited criminal sophistication and professionalism (rule 4.414(a)(8)), despite Dr. Assandri's opinion that defendant "appears to be a rather sexually naïve and inexperienced man," and other evidence to the contrary. The doctor observed that "based on the dynamic of the crime, it is possible to describe a scenario where the crime was impulsive and not predatory and where a chronologically mature (he was twenty), but sexually naïve and immature man was 'experiencing' with someone he was familiar with." In other words, this is not a situation where there is

15

evidence of grooming and planning, or other characteristics involving a "criminally sophisticated" serial predator.

To summarize, we conclude that Judge Freer's comments demonstrate that unconstitutional considerations entered into the sentencing process; factors under section 1203.066, subdivision (d)(1), were not considered, and appropriate factors under rule 4.414(a) and (b) were applied in a manner inconsistent with the trial record and/or the law.

### III.  DISPOSITION

Defendant's sentence is reversed and the matter is remanded for resentencing.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


HOLLENHORST
J.

We concur:


RAMIREZ
P. J.

MILLER
J.

16