Filed 1/12/16  P. v. Barker CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>TYE WILSON BARKER,<br><br>        Defendant and Appellant. | A143846<br><br>(Del Norte County Super. Ct.<br>No. CRF129639) |

Defendant appeals from a sentencing order and contends that the trial court abused its discretion when it sentenced him to the upper term for his conviction of having unlawful sexual intercourse with a person under the age of 18 and more than three years younger than defendant.  (Pen. Code, § 261.5, subd. (a).)[1]  He claims that the trial court improperly sentenced him to the aggravated term based solely on the victim's age, because her age was an element of the crime.  We conclude that age was not the sole reason for the trial court's finding the victim particularly vulnerable and the trial court did not abuse its discretion in sentencing defendant to the upper term.  Accordingly, we affirm.[2]

---

[1]  All further unspecified code sections refer to the Penal Code.

[2]  We will, however, direct the trial court to amend the abstract of judgment to correct certain clerical errors therein.

## BACKGROUND

The facts, as set forth in the presentence investigation report and the preliminary hearing, provide that Del Norte County Sheriff's Deputy Richard Donaldson was on foot patrol at a trailer park in Crescent City about 2:00 a.m. on October 30, 2012. He spotted defendant and noticed that his body had bloody cuts and his clothes had blood spatters. He knew defendant from previous contacts and asked him if he had been in a fight. Defendant appeared angry, and refused to explain what had happened. He also declined medical treatment.

As Donaldson was talking to defendant, he received a phone call from a sergeant informing him that an anonymous source reported that defendant, who was 20 years old at the time, was having a sexual relationship with a 13-year-old girl. Donaldson asked defendant about this alleged sexual relationship and defendant became hostile and aggressive. Donaldson told defendant that "he was free to leave" and that he was not being detained. Defendant responded, "No, I want to know what you know." Donaldson disclosed that he had received information that defendant might have had a sexual relationship with Jane Doe (the victim), a thirteen-year-old girl. Defendant said several people had beaten him up because the victim was telling them he had sex with her. He said that he did not know who the people were that had beaten him up and, if he knew, he would not tell Donaldson.

A short time later, Donaldson went to the victim's home after being told defendant was in a verbal altercation with the victim's mother. When Donaldson arrived, defendant was on the front porch screaming at the victim's mother. The victim was across the street with another female and was crying. Donaldson and another officer placed handcuffs on defendant and put him into the patrol car.

After placing defendant into the patrol car, Donaldson was told that the victim wished to speak to him about her relationship with defendant. Donaldson interviewed her; she was extremely upset and was crying. She told him that she was 13 years old. The victim said that defendant was her mother's friend, that she had known him for several years, and that on several occasions he had spent the night at her residence. The

2

victim disclosed that she had Facebook messages with defendant, which indicated he had sex with her.

The victim reported that defendant "had come on to her over a three-month period." One of the incidents was about three weeks earlier; defendant and she were alone in the living room and the other occupants were asleep. She stated that defendant put his hands down her pants and touched her vagina over her underwear. She told him to stop and he did. A second incident occurred in defendant's trailer that had been parked in the backyard of her residence. Defendant attempted to have sex with her by kissing her and pulling her on top of him. She also described a third incident in her bedroom and indicated she had "consensual" sex with defendant while her mother was away.

The victim reported that several weeks after the "consensual" sex, she met with defendant to "smoke." Defendant informed her that they had sex on a second occasion while she was passed out. The victim had no recollection of the incident but believed, based on what defendant had told her, that she might have been raped. She did not have a physical examination after receiving this information.

After the interview with the victim, Donaldson again spoke to defendant and he waived his rights pursuant to *Miranda v. Arizona* (1966) 384 U.S. 436. He denied having a sexual relationship with the victim or ever touching her inappropriately. Donaldson arrested defendant.

Later the same day, the victim and her mother met with Donaldson at the sheriff's office. The victim printed out a copy of the conversation she had with defendant on Facebook. Donaldson noticed that the victim had mentioned using marijuana and alcohol with defendant. He also noted that in a conversation on October 2, 2012, the victim told defendant that she felt like she had been raped because she could not remember having sex with him. Defendant responded, " 'I feel uncomfortable about this situation.' " The victim asked him why and he replied, " 'I don't know. I kind of wish it did not happen.' "

Defendant was interviewed at the jail and denied ever having a conversation with the victim on Facebook. He claimed that someone had stolen his password and he had to

3

make a new Facebook page. He again denied having any sexual relationship with the victim.

On November 13, 2012, an information was filed charging defendant with a lewd act upon a child (§ 288) in count 1, and with unlawful sexual intercourse with a person under 18 and more than three years younger than himself (§ 261.5, subd. (c)) in counts 2 and 3. On December 6, 2012, defendant entered a plea of no contest to count 2; counts 1 and 3 were dismissed.

On January 4, 2013, the probation department interviewed defendant. He stated that he knew the victim and her mother through the victim's stepfather. Prior to this incident, the victim's stepfather, according to defendant, had allowed him to stay with them.

On January 17, 2013, the trial court suspended imposition of sentence and placed defendant on probation for three years.

On October 29, 2013, a petition for revocation of probation was filed against defendant, alleging that he committed vandalism (§ 594, subd. (a)(2)). On November 18, 2103, the trial court revoked defendant's probation.

On January 3, 2014, a second petition for revocation was filed against defendant. This petition alleged that defendant failed to report to the probation department, failed to complete community service, failed to obtain his G.E.D. as ordered by the court, and possessed a controlled substance in violation of Health and Safety Code section 11350.

A third petition for revocation of probation was filed on November 5, 2014, alleging that defendant had failed to appear to answer the two previous petitions.

On November 12, 2014, a fourth petition for revocation of probation was filed against defendant. This petition alleged that defendant resisted or obstructed a peace officer in violation of section 148, and possessed drug paraphernalia in violation of Health and Safety Code section 11364.

On November 17, 2014, defendant admitted the allegations of the four petitions for revocation.

4

On December 4, 2014, the probation department filed a presentence investigation report recommending that the trial court sentence defendant to a three-year upper term for unlawful sexual intercourse with a minor pursuant to section 1170, subdivision (h).  The report specified the following circumstances in aggravation under California Rules of Court, rule 421:  the victim was particularly vulnerable (Cal. Rules of Court, rule 421(a)(3)), the defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings were numerous or of increasing seriousness (*id.,* (b)(2)), the defendant was on probation or parole when the crime was committed (*id.,* (b)(4)), and the defendant's prior performance on probation or parole was unsatisfactory (*id.,* (b)(5)).  The report also provided:  "The aggravated term seems most appropriate in this matter as the defendant has denied his actions in this matter since the date of his original sentencing, attempting to make himself out to be a victim."  The report noted that there were no circumstances in mitigation under California Rules of Court, rule 423.

The trial court held a sentencing hearing on December 11, 2014.  The court stated that its tentative ruling was to follow the recommendation to impose the aggravated sentence term.

Defendant's counsel argued that one of the reasons stated in the report for aggravating defendant's sentence term was that the victim was particularly vulnerable.  Counsel asserted that originally "she was a willing participant and consented to unlawful sexual intercourse" with defendant.  He maintained that he had a photograph of the victim, which revealed that she was a "fully mature young lady" and appeared to be in her 20s.  Counsel argued that defendant was not her teacher and did not have a power position and therefore this situation did not satisfy the criterion that the victim was particularly vulnerable.  He added that the age difference was an element of the crime.  Counsel contended that the report should have indicated in mitigation that he acknowledged wrongdoing.  Counsel also questioned the report's statement regarding defendant's prior criminal history, and observed that a rap sheet had not been attached to the probation report.

The prosecution countered that this was "absolutely an aggravated case." He added: "This is a particularly vulnerable victim just by virtue of her age. She's 13 years old. That factor in and of itself would outweigh any factors in mitigation . . . ."

The trial court noted that it found "the argument that the victim and the defendant were not in a relationship where the defendant had a position of trust to be somewhat disingenuous. [¶] With a 13-year-old victim and with you[r] being more than three years older than this victim, you have someone who is incapable of consenting to having sexual intercourse with you. Your behavior was completely inappropriate. [¶] When I read the presentence [re]investigation report that was prepared at the time when you were originally sentenced, you were not acknowledging any wrongdoing with that. You were not taking responsibility, so that's a change for the better for you to acknowledge that what you did was wrong."

The trial court acknowledged that defendant had a minimal criminal history but found the crime itself warranted imposition of the aggravated sentence. The court thus sentenced defendant to the upper term of three years for the original conviction of unlawful sexual intercourse with a minor (§ 261.5, subd. (c).

Defendant filed a timely notice of appeal.

## DISCUSSION

### I. *Sentencing Defendant to the Upper Term*

**A.** *Defendant's Sentence and the Standard of Review*

Defendant pled guilty to having unlawful sexual intercourse with a person under the age of 18 years and more than three years younger than defendant. (§ 261.5, subd. (c).) Under section 1170, subdivision (h), defendant faced a term of imprisonment in a county jail for 16 months, two years, or three years. The trial court sentenced him to the upper term of three years.

Defendant contends the trial court abused its discretion by sentencing him to the upper term of three years. He maintains that the court based its decision on the victim's age but age could not be used as an aggravating factor because it was an element of the crime.

6

A trial court has broad discretion to decide whether to select the upper, middle, or lower term of imprisonment (§ 1170, subd. (b)), and must be affirmed unless there is a clear showing the sentence choice was arbitrary or irrational (*People v. Hubbell* (1980) 108 Cal.App.3d 253, 260). "In determining the appropriate term, the court may consider the record in the case, the probation officer's report, other reports, . . . , and statements in aggravation or mitigation submitted by the prosecution, the defendant, or the victim, or the family of the victim if the victim is deceased, and any further evidence introduced at the sentencing hearing. The court shall select the term which, in the court's discretion, best serves the interests of justice. The court shall set forth on the record the reasons for imposing the term selected and the court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under any provision of law." (§ 1170, subd. (b); see also Cal. Rules of Court, rule 4.420(b).)

" 'Sentencing courts have wide discretion in weighing aggravating and mitigating factors [citations]), and may balance them against each other in qualitative as well as quantitative terms.' [Citation.] One factor alone may warrant imposition of the upper term [citation] and the trial court need not state reasons for minimizing or disregarding circumstances in mitigation [citation])." (*People v. Lamb* (1988) 206 Cal.App.3d 397, 401.) "A ' " 'judgment or order of the lower court is *presumed correct*[, and a]ll intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " [Citation.]' " (*In re Julian R.* (2009) 47 Cal.4th 487, 498-499.)

**B.** *No Abuse of Discretion*

As noted, here, defendant contends the trial court abused its discretion by relying on the victim's age as the sole aggravating factor, since this was an element of the crime. Defendant asserts that the victim's vulnerability was based on her age and that was an element of the crime. A fact that is an element of the crime upon which punishment is being imposed may not also be used to impose the upper term. (Cal. Rules of Court, rule 4.420(d).) He claims there was nothing in the record other than age that showed the victim was particularly vulnerable or that defendant was in a position of trust.

7

Defendant is correct that imposing an upper term "due to 'particular vulnerability,'" where vulnerability is based *solely* on age, is improper when age is an element of the offense. [Citations.]" (*People v. Dancer* (1996) 45 Cal.App.4th 1677, 1693-1694, disapproved on another ground in *People v. Hammon* (1997) 15 Cal.4th 1117, 1118, 1123.) Even if we presume that the victim's vulnerability was the sole basis for imposing the upper term of three years, we conclude that the record clearly supported the trial court's determination that this single factor warranted imposing the aggravated term.

Counsel for defendant argued that the victim's age was an element of the crime and that her age was the sole factor supporting a finding of vulnerability. The trial court expressly rejected this contention and found "the argument that the victim and the defendant were not in a relationship where the defendant had a position of trust to be somewhat disingenuous."

The vulnerability sentencing factor means the victim is vulnerable " 'in a special or unusual degree, to an extent greater than in other cases [and is] defenseless, unguarded, unprotected, accessible, assailable . . . susceptible to the defendant's criminal act.' [Citation.]" (*People v. Clark* (1990) 50 Cal.3d 583, 638.) This factor is determined in light of the " 'total milieu' " in which the offense was committed. (*People v. Dancer, supra,* 45 Cal.App.4th at p. 1694.)

Both the personal characteristics of the victim and the setting of the crime are relevant. (*People v. Price* (1984) 151 Cal.App.3d 803, 814.) Defendant argues that the record did not show that he had any position of trust. He points out that he was not her parent, quasi-parent, or caretaker. He maintains that there was no evidence of an ongoing close or cordial relationship between defendant and her family. He argues that the victim said he was a friend but did not describe how close of a friend.

Defendant ignores the evidence in the record that amply supported a finding that defendant had a position of trust and power with the victim. Defendant was a friend of the victim's mother and stepfather and lived in the trailer in the victim's backyard. He was sufficiently trusted by the victim's mother and stepfather that, according *to both the victim and defendant,* he was permitted to spend nights at the victim's residence. The

victim reported that she had known defendant for several years. Defendant slowly cultivated the relationship; the victim reported that he "had come on to her over a three-month period." Defendant engaged in sexual contact with the victim while she was visiting with him in his trailer and in her own home while the other occupants were asleep or away. "These circumstances support the trial court's finding that defendant committed his offenses by exploiting the trust and confidence he had cultivated." (*People v. Dancer, supra,* 45 Cal.App.4th at p. 1695.)

Furthermore, the element of the offense of which defendant was convicted is that the victim was under the age of 18 and more than three years younger than the perpetrator. (§ 261.5, subd. (c).) Here, at the time of the incident, the disparity in age between defendant and the victim was seven years, not simply three years: defendant was 20 years old and the victim was only 13. "[W]here the facts surrounding the charged offense exceed the minimum necessary to establish the elements of the crime, the trial court can use such evidence to aggravate the sentence." (*People v. Castorena* (1996) 51 Cal.App.4th 558, 562.)

Defendant relies on *People v. Flores* (1981) 115 Cal.App.3d 924, to argue that the trial court abused its discretion when it sentenced him to the upper term. The *Flores* court held that the aggravated sentence was invalid because it was based only on the victims' ages of 14 and 16, and age was an element of the crime. (*Id.* at p. 927.) Defendant argues that the present situation is no different than the one in *Flores.*

*People v. Flores, supra,* 115 Cal.App.3d 924 is unavailing because here, unlike the trial court in *Flores,* the court did not rely exclusively on the victim's age when determining that the victim was particularly vulnerable. The trial court stressed the significant age disparity and power relationship between the victim and defendant, making this victim particularly vulnerable. (See *People v. Estrada* (1986) 176 Cal.App.3d 410, 418-419 [while the minority of a victim is an element of the substantive offenses of sodomy and lewd or lascivious act on a person under the age of 14, the trial court did not err in considering as an aggravating factor that one victim was a particularly vulnerable, small child, who was shy and withdrawn].) Defendant committed his

offenses by exploiting the victim's trust and confidence. He took advantage of his relationship with the victim's mother and stepfather and gained unsupervised access to the victim. A victim's extremely young age or the fact that the under-age victim is significantly younger than the perpetrator "together with other circumstances like the time and location of the offense can establish 'particular vulnerability' as an aggravating factor." (See *People v. Dancer, supra,* 45 Cal.App.4th at p. 1694.)

The record supports a finding that the victim was unguarded, unprotected, and accessible, and that defendant cultivated and exploited the victim's trust and confidence; thus the victim was particularly vulnerable. (See *People v. Loudermilk* (1987) 195 Cal.App.3d 996, 1007.) Accordingly, the trial court did not abuse its discretion when it sentenced defendant to the upper term based on a finding that the victim was particularly vulnerable.

## II. *Abstract of Judgment*

Defendant asserts that there are inconsistencies between the clerk's transcript and reporter's transcript that need to be corrected and clarified. The People do not object to this request.

At the sentencing hearing, the trial court stated it was imposing the aggravated sentence of three years, and then told defendant that he was being "placed on formal probation for a period of three years." Subsequently, the court clarified that it was "imposing a sentence that was previously suspended. He's serving a two-year term in county jail, county jail prison, and then he's doing a one-year sentence. It's a split sentence for one year mandatory supervision." The court stated that it was not felony probation.

The abstract of judgment indicates that defendant's sentence was three years and that he was sentenced to county jail pursuant to section 1170, subdivision (h)(1). Line 10 refers to "mandatory supervision" and states that execution of a portion of the total jail time imposed in "item 9" is suspended and deemed a period of mandatory supervision under section 1170, subdivision (h)(5)(B). However, line 9 is blank and the suspended portion of defendant's sentence is designated in line 10 as being "3 years" with "730

10

days" to be served "forthwith." Defendant argues that this portion of the abstract, which suggests a three-year suspended term, is confusing, and should be corrected to reflect the court's oral statement that defendant would serve two years in jail and one year on mandatory supervision.

Defendant also maintains that the abstract of judgment lacks clarity regarding conduct credits. At line 14, the abstract indicates that the 261 days of conduct credits were calculated pursuant to section 2933.1. Defendant agrees that the abstract reflects the correct number of presentence credits, but points out that they should not have been calculated under section 2933.1. Section 2933.1 is not applicable to a conviction under section 261.5. Credits for time served in county jail pursuant to sentences under section 1170, subdivision (h) are governed by section 4019. Thus, line 14 of the abstract should indicate that the presentence credits were calculated pursuant to section 4019, not section 2933.1.

Defendant requests us to remand the matter for clarification of these sentencing details. However, the People point out it is more efficient for this court to direct that the abstract be conformed to the oral pronouncement of judgment. (See, e.g., *People v. Wilson* (2010) 186 Cal.App.4th 789, 823.) We agree with the People and order the abstract of judgment to be changed to reflect that defendant is serving two years in jail and one year on mandatory supervision, and that his 261 days of conduct credits were calculated pursuant to section 4019.

## DISPOSITION

The trial court is directed to amend the abstract of judgment to correct the clerical errors discussed in section II of this opinion. In all other respects, the judgment is affirmed.

                                                    _____

                                                    Kline, P.J.

We concur:

_____

Stewart, J.

_____

Miller, J.