Filed 7/6/21  P. v. Casillas CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B306432 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA101048) |
| v. | |
| ALBERTO CASILLAS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael Villalobos, Judge.  Affirmed

Sarvenaz Bahar, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

**INTRODUCTION**

This is the second appeal by appellant Alberto Casillas following his conviction for kidnapping, injuring a girlfriend, and criminal threats, arising from an incident with his former girlfriend.  In our prior, unpublished opinion, *People v. Casillas* (Feb. 6, 2019, B286467) (nonpub. opn.), we affirmed appellant's convictions but stayed his sentence on the criminal threats count pursuant to section 654.  We also remanded the case to allow the superior court to exercise its discretion regarding whether to strike a five-year prior serious felony conviction enhancement (Pen. Code, § 667, subd. (a)).[1]

On remand, the trial court denied appellant's motion to strike the prior conviction.  This appeal followed.  Appellant's counsel filed an opening brief that raised no issues and requested independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Appellant also filed a brief, arguing that the court erred in denying his motion to  strike.  We find no error.  In addition, we have conducted an independent examination of the entire record and conclude no arguable issues exist.  We therefore affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

The underlying facts are discussed in detail in our prior opinion.  We summarize them here as relevant to the instant appeal.  An information charged appellant with the following counts: kidnapping (§ 207, subd. (a); count one); injuring a spouse or girlfriend (§ 273.5, subd. (a); count two); and criminal threats

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

2

(§ 422, subd.(a); count three). The information further alleged that appellant had a prior strike conviction (§§ 667, subd. (d), 1170.12, subd. (b)) and a prior serious felony conviction (§ 667, subd. (a)(1)).

A jury found defendant guilty of all counts. Following a court trial on the prior conviction allegations, the court found those allegations true. The court also denied appellant's *Romero*[2] motion to strike the prior strike, a 2010 conviction for criminal threats (§ 422, subd. (a)).

The trial court sentenced appellant to a total term of 16 years and four months in state prison, as follows: the mid-term of five years on count one, doubled due to the prior strike conviction, plus an additional consecutive five-year enhancement due to the prior serious felony conviction; a concurrent term of two years on count two, doubled due to the prior strike conviction; and a consecutive term of eight months on count three, doubled pursuant to the prior strike conviction.

In his first appeal, we affirmed appellant's convictions, but found that the trial court should have stayed the sentence on count three under section 654. We also remanded the case with directions to the trial court to determine whether to strike the five-year enhancement for appellant's prior serious felony conviction under section 667, subdivision (a).[3] We rejected respondent Attorney General's argument that remand was

---

[2] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

[3] SB 1393, which took effect on January 1, 2019 while appellant's first appeal was pending, amended sections 667 and 1385 to provide trial courts with discretion to strike prior serious felony conviction enhancements in the interest of jus tice. (Stats. 2018, ch. 1013, §§ 1, 2.)

3

unnecessary, finding that the record did not clearly indicate that the court would have declined to strike the enhancement if it had such discretion at the time of sentencing.

On remand, the trial court held a resentencing hearing on May 30, 2019, which appellant attended with counsel. On the issue of striking the prior serious felony conviction, appellant incorporated the arguments made in his prior *Romero* motion. He also argued that he had not had any disciplinary issues while in prison, had been taking self-help classes, and was continuing his education. Appellant's counsel stated that appellant had the support of his family and was "on his way to correcting whatever behavior landed him in this court." In opposition, the prosecutor noted that the court previously found that the conduct of the case was "severe and warranted significant punishment." The prosecutor also reviewed appellant's criminal history, including a misdemeanor criminal threats conviction under circumstances indicating domestic violence, followed shortly afterward by the prior strike conviction for felony criminal threats. The prosecutor argued that, rather than learning from these convictions, appellant "continued to rack up additional misdemeanor convictions," leading to the instant case, which was consistent with his earlier convictions involving domestic violence and criminal threats.

The court stated it had reviewed the entire record. The court commended appellant for "attempting to improve himself while in prison," but recalled that at the time of sentencing, "I deemed this case as a very aggravated circumstance of domestic violence." The court noted that in the instant case, appellant "grabbed the victim, forcefully took her from her residence, . . . forced her in the car, . . . and threatened her during the

4

kidnap[ping]." The court also found that this conduct "fit a pattern" of domestic violence by appellant. The court noted that it based its prior decision to deny appellant's *Romero* motion to strike the prior strike on appellant's criminal history, coupled with the aggravated circumstances of the instant offense. Further, "for those same reasons, I don't believe that it would be appropriate to strike the 667(a) prior." Accordingly, the court denied appellant's motion to strike the prior serious felony conviction. Appellant timely appealed.

On appeal, appellant's appointed counsel filed a brief requesting that we independently review the record for error. (*Wende, supra,* 25 Cal.3d at p. 441.) We directed counsel to send the record and a copy of the brief to appellant, and notified appellant of his right to respond within 30 days. Appellant filed a responding brief on March 22, 2021.

## DISCUSSION

Appellant argues that the trial court erred by relying on the same reasoning to impose two enhancements: doubling the sentence based on the prior strike conviction under section 667, subdivision (d) and the five-year enhancement for the prior serious felony under section 667, subdivision (a). We find no error.

We review a ruling upon a motion to strike a prior felony conviction under a deferential abuse of discretion standard. (*People v. Williams* (1998) 17 Cal.4th 148, 162.) Appellant bears the burden of establishing that the trial court's decision was unreasonable or arbitrary. (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977–978 [presumption that trial court acts to achieve lawful sentencing objectives].) We do not substitute our judgment for that of the trial court. (*People v. Myers* (1999)

5

69 Cal.App.4th 305, 310.) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377.)

Appellant contends that a trial court "cannot use the same fact to justify imposing more than one enhancement," citing *People v. Flores* (1981) 115 Cal.App.3d 924 (*Flores*). *Flores* is inapplicable to this case. In *Flores*, the court held that the trial court improperly imposed the upper term on a conviction for oral copulation with a person less than 16 years of age (§ 288a, subd. (b)(2)), based on the fact that the victim was a minor and "particularly vulnerable." (*Id*. at pp. 926-927.) Because minority was an element of the charged offense, it could not also be considered as a factor in aggravation. (*Id*. at p. 927.)

That principle does not apply here, where the issue is the trial court's discretion in furtherance of justice to *strike* prior conviction enhancements that were otherwise properly imposed. (See §§ 667, subds. (a), (d), 1385.) Appellant cites no authority to support his contention that the court could not consider the same facts as a basis to decline to strike both a prior strike and a prior serious felony conviction. (See, e.g., *People v. Williams, supra,* 17 Cal.4th at p. 161 [finding that when exercising discretion under section 1385, "the court in question must consider whether, in light of the nature and circumstances of [the defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the statutory scheme's spirit, in whole or in part"].)

The record reflects that the trial court weighed the competing factors before denying appellant's motion to strike the

6

prior serious felony conviction. Appellant has therefore failed to establish an abuse of discretion justifying reversal.

In addition, we have examined the entire record and are satisfied no arguable issues exist in the appeal before us, and that appellant has received effective appellate review of the judgment entered against him. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 110; *Wende*, *supra*, 25 Cal.3d at p. 443.)

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:


MANELLA, P. J.


WILLHITE, J.